■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL BLAKE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 20, 1969, convicting defendant of murder, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and in the interests of justice, and new trial ordered. Defendant was convicted of felony murder, arising out of the death of an elderly woman during an alleged robbery in Queens County on January 30, 1968. The sole evidence linking him with the crime was his own written "confession" (in question and answer form), plus several oral admissions. These statements relate that defendant and one Palmieri (who was tried separately) saw the victim walking down the street and decided to steal her pocketbook; that Palmieri grabed the victim around the neck and dragged her down some steps into an alleyway while defendant remained on the street as a lookout; and that, when Palmieri did not quickly return, defendant went down to investigate. What he found, as confirmed by several police witnesses and an associate medical examiner, was that the victim had apparently been the subject of an attempted sexual attack and had been brutally beaten about the head with a rock. By his own account, defendant was shocked, panicked and immediately ran from the scene. Defendant initially requested and was granted a charge that the jury should acquit of felony murder if it found that the actual killing was not done in furtherance of the alleged commonly planned robbery but rather in furtherance of Palmieri's own private purpose. However, when the jury subsequently requested further instructions on the law, the trial court refused to reiterate this portion of its initial charge. In our view, this refusal constituted prejudicial error. On the evidence presented, the jury was entitled to acquit defendant of felony murder if it believed the exculpatory portions of his statements. Gulotta, P. J., Hopkins, Martuscello and Brennan, JJ., concur; Munder, J., dissents and votes to affirm (cf. *People* v. *Bornholdt; People* v. *Victory,* 33 N Y 2d 75).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CARELLO, Appellant.— Judgment of the County Court, Nassau County, rendered May 4, 1973, affirmed. No opinion. The case is remitted to the County Court, Nassau County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Latham, Acting P. J., Shapiro, Cohalan, Christ and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARCEL H. ETCHEVERRY, Appellant.— Order of the County Court, Nassau County, entered August 17, 1973, affirmed. We are in accord with County Judge Tomson in holding, as he did, that subdivision 3 of section 65.15 of the Penal Law applies only to a sentence imposed "by a court of this state" and not to a Federal sentence. Gulotta, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur. [77 Misc 2d 557.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OSCAR LE GRAND, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 5, 1972, convicting him of robbery in the first degree, after a nonjury trial, and sentencing him to a prison term of 5 to 15 years. Judgment modified, in the interests of justice, by changing the sentence to an indeterminate term of not more than 15 years. As so modified, judgment affirmed. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.