■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT GILES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 7, 1977, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant raises three contentions on this appeal, to wit: (1) that the trial court erred in denying his pretrial motion to suppress certain incriminating statements and admissions made by him to police officers in Detroit, Michigan, while he was in custody in that city charged with the commission of crimes not herein involved; (2) that the trial court's ruling on his motion to limit the scope of the prosecutor's cross-examination, should he take the witness stand on his own behalf pursuant to *People v Sandoval* (34 NY2d 371), constituted an abuse of discretion; and (3) that the trial court erred in denying his request for a charge on justification. We shall treat these alleged errors seriatim. Defendant gave two separate and almost identical accounts of the crime herein involved to police officers in Detroit, Michigan, while he was in custody for crimes he allegedly committed in that city. At the time defendant made the statements he had been in custody with regard to the Detroit crimes for some time, he had been meticulously read the *Miranda* warnings several times with regard to Detroit matters and had signed two documents acknowledging his understanding thereof within close proximity to the instances on which he made the challenged

admissions. Defendant was also very "crime-wise", having an extensive criminal record. We hold, therefore, as did the trial court in ruling on defendant's motion to suppress, after a full hearing, that the requirements of the *Miranda* decision were complied with in substance. It cannot be said on this record that defendant's waiver of his rights to counsel and against self incrimination was effected without full knowledge and understanding thereof. The extent to which disparaging questions, not relevant to the issues presented by defendant's prosecution, but bearing upon his credibility, may be asked of him should he decide to testify on his own behalf, is within the discretion of the trial court and is not subject to modification unless it clearly appears that such discretion has been abused *(People v Caviness,* 38 NY2d 227, 232; *People v Duffy,* 36 NY2d 258, 262–263). The prior crimes herein involved were not so remote in time, were not based on addiction or uncontrollable habit, were not the products of youthful indiscretion, and most importantly, each demonstrated defendant's "determination deliberately to further self-interest at the expense of society or in derogation of the interests of others" (see *People v Sandoval,* 34 NY2d 371, 377). Inquiries into such prior activity were specifically held to be permissible in *Sandoval,* in which offenses involving thefts were held to be prime subjects for cross-examination. The prior crimes herein involved also primarily involve thefts. Defendant's final plaint, that no charge on the question of justification was given, is equally without merit. Although he argues that no such charge was given, in actuality the trial court gave a full and adequate charge on that subject. In reality, what defendant appears to be calling error was the trial court's refusal to reiterate its charge when, in accord with a jury request, it repeated its charge as to the several crimes the jurors were to consider. We proscribed such refusal in *People v Blake* (44 AD2d 606), not cited by the defendant. However, we think that the *Blake* case is distinguishable from this one and that no reversible error was committed here. In *Blake* the question of defendant's nonparticipation in the crime was pivotal and the trial court denied Blake's request to recharge his defense following a repetition of the instructions relative to the elements of the crime with which he was charged. We held this to be highly prejudicial under the facts of that case. At bar, although defendant's statements included elements of justification, the testimony at the trial established that the decedent was bound when he was found. Thus, the question of defendant's guilt or innocence does not appear to be as finely balanced as in *Blake.* Therefore the failure to repeat the instructions as to the defense in close juxtaposition to the repetition of the charges against defendant was not as prejudicial as was such failure in *Blake.* Here the evidence of defendant's guilt was overwhelming, whereas the same may not be said of the evidence in the *Blake* case. Hopkins, J. P. Latham, Margett and Suozzi, JJ., concur.