THE STATE OF OHIO, APPELLEE, *v.* TYSON, APPELLANT.

(No. C-830770 — Decided
August 29, 1984.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Christian J. Schaefer,* for appellee.

*Robert R. Hastings, Jr.,* for appellant.

DOAN, J. This timely appeal follows appellant's conviction by a jury of aggravated assault, a felony of the fourth degree and a violation of R.C. 2903.12. The indicted charge was attempted murder, a violation of R.C. 2923.02 and a felony of the first degree, thus the conviction *sub judice* was of a lesser included offense. The specification to the primary charge pursuant to R.C. 2929.71 and 2941.141, which provides for three years' actual incarceration for the use of a firearm in the perpetration of an offense, alleged that appellant did have a firearm while committing the offense of attempted murder. The trial court imposed sentences of an indefinite term of three to five years, and an additional three years' actual incarceration.

The events, as revealed by the record, that led to the arrest, indictment, and subsequent conviction of the appellant, Dennis Tyson, began at the home of the two victims, early in the evening on July 3, 1983, where appellant created a disturbance looking for a person who owed him money. While there he allegedly brandished a gun; however, he did not find the debtor. Appellant apologized to the residents for his behavior and left the premises. Some hours later one of the victims, Jeffrey Bouldin, accompanied by several other companions, went looking for appellant and found him exiting a neighborhood bar. Upon confronting appellant and pressing the issue of appellant's earlier visit to the victims' home, Bouldin pushed appellant backwards into an open van. Appellant then fired six shots from a handgun concealed in his sweatshirt pocket. Four of the bullets struck Jeffrey Bouldin and two of the bullets struck Dennis Bouldin, an older brother of Jeffrey, who had exited the bar and was approaching the scene.

Appellant was indicted on two counts of felonious assault in violation of R.C. 2903.11 and two counts of attempted murder in violation of R.C. 2923.02. All four counts contained handgun specifications pursuant to R.C. 2929.71 and 2941.141. The state elected to proceed on the two counts of attempted murder.

Our review of the record initially reveals a jury verdict form wherein the jury found appellant not guilty of "felonious assault" but "guilty of aggravated assault R.C. 2903.12, by use of a firearm, as to Jeffrey Bouldin." The verdict form is in the first instance remarkable because appellant was tried for the primary offense of attempted murder. While the finding of not guilty of felonious assault is confusing under the state of the record, we do not assess

prejudicial error as we perceive no requirement that the primary charge be stated in the verdict form as long as the record demonstrates, as here, that the defendant had notice of the primary charge, and the guilty finding is to a lesser included offense of the actual primary charge. Thus the seemingly mistaken portion of the verdict form finding appellant not guilty of felonious assault is non-prejudicial redundancy, where the finding is guilty as to aggravated assault, which is a lesser included offense of attempted murder.[1]

Appellant's first assignment of error alleges:

"The trial court erred in overruling appellant's motion to dismiss the specification."

The record reveals that appellant filed a motion to dismiss the R.C. 2929.71 specification prior to sentence. Appellant's motion was overruled, and the court proceeded to impose three years' actual incarceration pursuant to R.C. 2929.71. The appellant's argument at the hearing on the motion to dismiss, as well as in the matter *sub judice,* is that R.C. 2929.71 is unconstitutional for the reason that it constitutes double punishment for the same act, in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. This court has recently dealt with the issue raised by appellant's first assignment of error. In the case of *State v. Sims* (1984), 19 Ohio App. 3d 87, this court released a succinct and scholarly opinion by the Honorable Robert L. Black wherein we declared that no violation of constitutional rights under the Fifth Amendment to the United States Constitution occurs through the enhanced sentencing provisions of R.C. 2929.71 in conjunction with Ohio's statutory felony offenses. Ap-

---

[1] The record reveals that the trial court directed this verdict form be submitted to the jury as it is worded.

pellant's first assignment of error is overruled.

Appellant's second assignment of error asserts:

"The sentencing of the defendant-appellant is contrary to the statutes governing the sentences for felonies."

Under this assignment of error appellant argues that where the indictment fails to allege a specification as mandated by R.C. 2941.143, an offender may not be sentenced to an indefinite term for a fourth degree felony and that, therefore, the offender cannot be sentenced to a three-year term of actual incarceration pursuant to R.C. 2929.71. Analyzing this argument in reverse we agree that the assessment of a valid indefinite sentence of incarceration is a necessary predicate to the imposition of a three-year term of actual incarceration pursuant to R.C. 2929.71. We reach this conclusion from the plain meaning of the pertinent statutory language:

"(A) *The court shall impose a term of actual incarceration of three years in addition to imposing* a life sentence pursuant to section 2907.02, 2907.12, or 2929.02 of the Revised Code or *an indefinite term of imprisonment pursuant to section 2929.11* of the Revised Code, if both of the following apply: * * *" (Emphasis added.)

Therefore we must examine the predicate indefinite sentence as to its validity. In the matter *sub judice* appellant was sentenced, on the jury's verdict of guilty of the lesser included fourth degree felony offense of aggravated assault, to the maximum indefinite term of three to five years' incarceration pursuant to R.C. 2929.11 (B)(7). It is noted that R.C. 2929.11 (C)(4) additionally provides for a possible fine of not more than two thousand five hundred dollars upon conviction of a fourth degree felony. R.C. 2929.11(G) restricts sentencing under R.C. 2929.11(B)(6) and (7) by requiring a precondition:

"No person shall be sentenced pursuant to division (B)(6) or (7) of this section to an indefinite term of imprisonment for a felony of the third or fourth degree unless the indictment, count in the indictment, or information charging him with the offense contains a specification as set forth in section 2941.143 of the Revised Code."

R.C. 2941.143 states the restriction of R.C. 2929.11(G), *supra,* precluding sentencing under R.C. 2929.11(B)(6) or (7) unless a "specification" is included in the indictment, count in the indictment, or information charging the offense. R.C. 2941.143 provides in pertinent part:

"Imposition of an indefinite term pursuant to division (B)(6) or (7) of section 2929.11 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies either that, during the commission of the offense, the offender caused physical harm to any person or made an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code * * *. Such a specification shall be stated at the end of the body of the indictment, count, or information and shall be in substantially the following form:

"SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The grand jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth the allegation either that, during the commission of the offense, the offender caused physical harm to any person, or made an actual threat of physical harm to any person with a deadly weapon, or that the offender has previously been convicted of or pleaded guilty to an offense of violence).

"A certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar is sufficient to prove the prior conviction. If an indictment, count in an indictment, or information that charges a defendant with a third or fourth degree felony contains such a specification, the defendant may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing."

In the case *sub judice* the record discloses no specification in the indictment or count in the indictment or information charging that appellant caused physical harm to some person or that appellant made an actual threat of physical harm to any person with a deadly weapon. His conviction properly results from the jury's determination that the evidence supports their finding of guilt on the lesser included offense of aggravated assault.

The statutes, *supra,* mandate a specification in order to impose an indefinite sentence of incarceration for third and fourth degree felonies. We must therefore conclude that the trial court was precluded, in the absence of the specification required in R.C. 2929.11(G) and 2941.143, from imposing the indefinite sentence of three to five years provided in R.C. 2929.11(B)(7), and it was error to impose such sentence. It must follow that it was error to further impose a term of actual incarceration under R.C. 2929.71 because of the invalidity of the necessary predicate indefinite sentence. Therefore the appellant's motion to dismiss the specification should have been granted.[2]

We further determine that the verdict form in the matter *sub judice* was

---

[2] Aside from our holding on the charge specification issue presented by R.C. 2929.11(G) and 2941.143, *supra,* we find no impairment to the imposition of actual incarceration under R.C. 2929.71 where a conviction of a lesser included offense results

deficient under R.C. 2929.71 which provides in pertinent part:

"(A) The court shall impose a term of actual incarceration of three years in addition to imposing a life sentence pursuant to section 2907.02, 2907.12 or 2929.02 of the Revised Code or an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code, if both of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code;

"(2) The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment."

The statute, *supra,* requires a conviction of, or a guilty plea to, an R.C. 2941.141 specification separate and apart from the underlying criminal offense. The verdict here considered in pertinent part states:

"* * * but guilty of Aggravated Assault 2903.12 R.C., by use of a firearm, as to Jeffrey Bouldin."

While "by use of·a firearm" might arguably meet the required finding on the specification, we hold that pursuant to R.C. 2929.71, the fact-finder must separately address and respond to the specification by way of substantive findings, apart from the underlying criminal offense,[3] in order to effect a conviction on the specification. In order to accomplish same, the trial judge must instruct a jury as to the elements of the R.C. 2941.141 specification separately and apart from the underlying criminal offense,[4] and must provide a jury form separately responsive to specification instructions.[5] A review of the record in the matter *sub judice* discloses that the trial judge did not instruct the jury with regard to the R.C. 2941.141 specification, nor did the trial judge require separate findings on same by the jury. Thus the appellant was denied the statutory procedure required for imposition of actual incarceration pursuant to R.C. 2929.71[6] even if the mandated compliance with R.C. 2941.143 had somehow been accomplished.[7] Appellant's second assignment of error is well-taken.

Appellant's third and final assignment of error alleges the verdict is against the weight of the evidence and contrary to law. We disagree as the rec-

---

from a primary offense charged with an R.C. 2941.141 specification and we determine that such specification of the primary charge attaches to all lesser included offenses.

[3] We note that where multiple criminal offenses with an R.C. 2941.141 specification as to each are tried, the trial court must so act as to each specification.

[4] See footnote 3, *supra.*

[5] We note that while two forms, one for the underlying criminal offense and one for the R.C. 2941.141 specification might be preferable, one form separating and delineating findings on the underlying criminal offense and those on the specification would conform to our holding.

[6] The trial court misinterpreted the appellant's affirmative defense of self-defense to be an admission of the firearm specification tantamount to a plea of guilty of possessing a firearm while committing a felony.

[7] We realize our decision puts the state in the burdensome posture of having to include in its indictments, the possible lesser included third and fourth degree felony offenses of a primary charge, stated with the required R.C. 2941.143 specification, or of having to contrive a method of amending the indictments to include same at some point in the proceedings. This seemingly unworkable situation should be considered by the legislature.

ord contains sufficient credible evidence from which the jury could conclude beyond a reasonable doubt that all essential elements of the crime of aggravated assault were proven by the state and a reviewing court will not reverse a jury verdict where such is the state of the record. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]; *State* v. *Swiger* (1966), 5 Ohio St. 2d 151 [34 O.O.2d 270], certiorari denied (1966), 385 U.S. 874; *State* v. *Antill* (1964), 176 Ohio St. 61 [26 O.O.2d 366]; *State* v. *Petro* (1947), 148 Ohio St. 473 [36 O.O. 152]. Appellant's third assignment of error is overruled.

As a result of the foregoing we affirm the jury verdict of guilty as to the offense of aggravated assault, and remand the matter to the trial court for resentencing and such other proceedings as are consistent with law and with this opinion.

*Judgment affirmed.*

KLUSMEIER, J., concurs.

KEEFE, P.J., concurs in judgment only.