**STATE v. BLAKE**

[326 N.C. 31 (1990)]

———————

STATE OF NORTH CAROLINA v. SHAWN ODELL BLAKE

No. 193A89

(Filed 18 January 1990)

1. **Robbery § 4.4 (NCI3d)— felony murder—attempted armed robbery—evidence sufficient**

There was sufficient evidence of an attempted armed robbery as the underlying felony for a felony murder, even though defendant contended that the robbery was completed, where defendant testified at trial that he went into a house to rob two men and shot one; the other then asked defendant not to shoot him and threw his wallet toward defendant; and defendant left without taking the wallet. This was evidence from which the jury could find all the elements of attempted armed robbery.

**Am Jur 2d, Homicide §§ 72-75.**

2. **Criminal Law § 754 (NCI4th)— multiple counts—instructions— no error**

There was no error in a prosecution for two counts of first degree murder and two counts of armed robbery where the trial court's instruction to the jury on independent consideration of the charges was substantially as requested by the defendant except that the court did not charge that the fact that the jury found the defendant guilty or not guilty on one charge should not affect the verdict on another charge. This would not keep the jury from understanding that it was required to consider each charge separately as instructed by the court.

**Am Jur 2d, Homicide §§ 277, 529-535.**

3. **Criminal Law § 926 (NCI4th)— felony murder—attempted armed robbery—multiple counts**

There was no prejudicial error in a prosecution for two counts of armed robbery and two counts of murder, even though defendant contended that the court's charge to the jury allowed the jury to convict defendant on two counts of felony murder without requiring the jury to find which of the two felonies was the basis for the finding of guilty of murder, because any error was cured by verdicts finding defendant guilty of both attempted armed robberies. It was obvious that the jury based its verdicts for felony murder on both the attempted armed robberies.

**Am Jur 2d, Homicide § 79.**

4. **Criminal Law § 989 (NCI4th)— felony murder—sufficient evidence of underlying felony—motion to arrest judgment properly denied**

The trial court properly denied defendant's motion to arrest judgment on a felony murder conviction where defendant contended that the court allowed the jury to convict him of felony murder based on either of two attempted armed robberies, that there was not sufficient evidence of one of the attempted armed robberies, and that it could not be determined upon which of the two felonies the jury based its verdict. There was sufficient evidence to convict defendant of the attempted armed robbery disputed by defendant.

**Am Jur 2d, Homicide § 442.**

**STATE v. BLAKE**

[326 N.C. 31 (1990)]

APPEAL of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing two consecutive life sentences entered by *Britt (Joe Freeman), J.*, at the 9 January 1989 Criminal Session of Superior Court, CUMBERLAND County. Heard in the Supreme Court 14 December 1989.

The defendant was tried on two counts of first degree murder and two counts of armed robbery. The State sought the death penalty. Ralph William Houser testified for the State that he had lived in Fayetteville in a house with George McNeill and Charles Newton. On the night of 8 January 1988 Mr. Newton was not at home and Mr. Houser was there with George McNeill. At approximately 9:00 p.m. the two men heard a knock on the door and Mr. McNeill said "come in." The defendant entered carrying a shotgun. The defendant asked Mr. McNeill if he wanted to buy a gun and Mr. McNeill said he did not want to do so. Mr. Houser then testified that the defendant said, "[g]ive me your money." The defendant then shot Mr. McNeill and took Mr. McNeill's wallet from his pocket.

Mr. Houser testified further that after the defendant shot Mr. McNeill he pointed the gun at Mr. Houser and said, "[g]ive me your money." Mr. Houser testified he gave the defendant his billfold. The defendant then started to leave and met Charles Newton who was coming through the door. He shot Mr. Newton. Mr. McNeill and Mr. Newton died of the gunshot wounds.

The defendant testified that he went into the house and saw two men, one of whom was seated on a couch and the other in a chair. He said, "I was there to rob them. I was there for them to give me their money." He testified that he said "I'm here to get paid" and Mr. McNeill said, "Don't point that gun at me." The defendant testified that Mr. McNeill reached for his back pocket and started to get up, at which time he shot Mr. McNeill. The defendant testified further, "I started turning around. The gentlemen on my left, the first man that was—that I seen when I came in the door, he was—He said, 'Don't shoot me. Don't shoot me.' He picked up—He took out his wallet and threw it under the coffee table. I told him, I said, you know, 'Shut up,' you know. 'I'm not going to hurt you. Shut up.' I was trying to get out of the door." The defendant testified as he started out the door Mr. Newton started to enter the house through the door. The defendant then shot Mr. Newton.

The jury returned verdicts of guilty of attempted armed robbery in each of the two armed robbery cases and guilty of first degree murder based on felony murder in each of the two murder cases. In one murder case the jury recommended life in prison. In the other murder case the jury could not agree as to the sentence. The court arrested judgment in the two attempted armed robbery convictions and sentenced the defendant to consecutive life sentences in the murder cases. The defendant appealed.

*Lacy H. Thornburg, Attorney General, by Reginald L. Watkins, Special Deputy Attorney General, for the State.*

*James R. Parish for the defendant appellant.*

WEBB, Justice.

The defendant brings forward several assignments of error. One assignment of error deals with the jury charge as to the attempted armed robbery convictions. The court arrested judgment on these two counts and any error in the charge was harmless. We shall address the defendant's other assignments of error.

[1] The defendant argues that there was not sufficient evidence to support a finding of the attempted armed robbery of Ralph Houser. He says that because this is so he was convicted of felony murder based on the erroneous finding of the underlying felony and he must have a new trial. The defendant argues that all the evidence shows the robbery was completed. We have held in *State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988), that armed robbery and attempted armed robbery are two separate crimes.

We believe there was sufficient evidence for the jury to find an attempted armed robbery by the defendant of Mr. Houser. It is true that Mr. Houser testified to a completed armed robbery. The defendant testified, however, that when he went into the house he intended to rob both men. After he shot Mr. McNeill, Mr. Houser asked the defendant not to shoot him and threw his wallet toward the defendant. The defendant left without taking the wallet. This is evidence from which the jury could find all the elements of attempted armed robbery. *State v. Allison*, 319 N.C. 92, 352 S.E.2d 420 (1987). It was not error for the court to submit attempted armed robbery of Ralph Houser to the jury and this evidence supports a verdict of felony murder based on the attempted armed robbery.

[2]   The defendant next assigns error to the charge. He says, "The instructions, taken as a whole, failed to sufficiently separate the four cases and fail to insure separate consideration by the jury of the Defendant's guilt or innocence on each count." He says first that the court did not give an adequate instruction that the charges must be considered separately. He says further that the court in other parts of the charge "served to cloud the issue of individual treatment of the charges and victims." He says that a charge susceptible to the interpretation that the four distinct charges should be determined together on the issue of guilt unconstitutionally lessens the burden of the State. *See Francis v. Franklin,* 471 U.S. 307, 85 L.Ed.2d 344 (1985); *In re Winship,* 397 U.S. 358, 25 L.Ed.2d 368 (1970).

The defendant asked the court to charge as follows:

> The defendant, Shawn Odell Blake, is charged with four independent offenses. Each charge and the evidence pertaining to it should and must be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offenses charged.

The court declined this charge and the defendant requested the following charge in the alternative:

> The Defendant, Shawn Odell Blake, is charged with four independent offenses. Each charge and the evidence pertaining to it must be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged with respect to a particular alleged victim should not control the question of guilt or innocence as to any other offense charged relating to another particular alleged victim.

The court declined this charge as well, but instructed as follows:

> Now, the Defendant, Shawn Odell Blake, is charged with four independent offenses. Each charge and the evidence pertaining to it should and must be considered separately.

The court charged the jury substantially as requested by the defendant except that the court did not charge that the fact that the jury found the defendant guilty or not guilty on one charge should not affect the verdict on another charge. We do not believe

this would keep the jury from understanding it was required to consider each charge separately as instructed by the court.

[3]  In the court's charge to the jury on the felony murder counts the court instructed the jury it could find the defendant guilty of felony murder if it found beyond a reasonable doubt, among other things, "that the defendant intended to rob George McNeill or Ralph Houser" and "that he used the firearm in such a way as to endanger or threaten the life of George McNeill or Ralph Houser." The defendant contends this charge allowed the jury to convict the defendant on two counts of felony murder without requiring the jury to find which of the two felonies was the basis for finding the defendant guilty of murder. The defendant also says this charge did not require a unanimous verdict because some members of the jury could have based their murder verdicts on one of the attempted armed robberies and the other members could have based their verdicts on the other attempted armed robbery. We hold that any error on this portion of the charge was cured by the verdicts of the jury. The jury found the defendant guilty of both the attempted armed robberies. We believe it is obvious that the jury based its verdicts for felony murder on both the attempted armed robberies. Both killings took place during the attempted armed robberies.

[4]  The defendant argues under his last assignment of error that the court erred in overruling his motion to arrest judgment on the conviction of the murder of Charles Newton. He says the court allowed the jury to convict him of felony murder based on the felony of attempted armed robbery of George McNeill or the attempted armed robbery of Ralph Houser. The defendant argues that there was not sufficient evidence to convict him of the attempted armed robbery of Ralph Houser and because we cannot tell upon which of the two felonies the jury based its verdict, the verdict should have been arrested. We have held there was sufficient evidence to convict the defendant of the attempted armed robbery of Ralph Houser. This assignment of error is overruled.

No error.