## State v. Lewis
### [Cite as 2 AOA 641]

*Case No. 88-L-13-126*
*Lake County, (11th)*
*Decided March 30, 1990*

R.C. 2929.71
R.C. 2941.14.1

David Joyce, Esq., Prosecuting Attorney, Geauga County Courthouse, 13281 Ravenna Road, Chardon, Ohio 44024, For Plaintiff-Appellant.

Richard A. Hennig, Esq., The Midland Building, Suite 200, 10 West Erie Street, Painesville, Ohio 44077, For Defendant-Appellee.

MAHONEY, J.

This is an accelerated case.

On November 5, 1985, defendant-appellee, Carl Lewis, was indicted on three counts of aggravated robbery in violation of R.C. 2911.01. Each count had a firearm specification, that appellee had a firearm on or about his person or under his control while committing the offense, in violation of R.C. 2941.141, and a specification that appellee had been previously convicted of a violent offense. Unable to post bond, appellee was incarcerated in the Lake County Jail where he awaited trial.

On February 13, 1986, a deputy sheriff transported appellee to see a Painesville dentist. While visiting the dentist, appellee overpowered the deputy and took his revolver. At gunpoint, appellee handcuffed the deputy and the dentist to the dentist's chair, then fled in the police cruiser. Appellee was captured and arrested five days later as he exited a Greyhound bus in southern Ohio.

As a result of this incident, a second indictment was filed charging appellee with one count of aggravated robbery in violation of R.C. 2911.01, two counts of kidnapping in violation of R.C. 2905.01, and one count of escape in violation of R.C. 2921.34. Each of these counts contained a firearm specification pursuant to R.C. 2941.141.

A jury trial began on August 25, 1986 on the three counts of aggravated robbery of the first indictment. On August 26, 1986, the state rested its case, and appellee then moved for a judgment of acquittal on the firearm specifications.

On August 27, 1986, the court overruled appellee's motion for acquittal. That same day appellee entered into a plea bargaining agreement. Appellee pled guilty to the third count of aggravated robbery in the first indictment. The state withdrew the prior conviction specification but left the firearm specification as part of the underlying offense. Appellee also pled guilty to one count of kidnapping in the second indictment which also contained the firearm specification. Thus, the two underlying offenses each contained the firearm specification at the time appellee pled guilty to the underlying offenses. However, appellee did not enter a separate guilty plea as to the firearm specifications. Nolle prosequi was entered on all other remaining counts of the two indictments.

Appellee was sentenced to five to twenty-five years on each of the two underlying offenses, to be served concurrently, and to three years on each of the two firearm specifications, to be served consecutively with each other and the two indefinite five to twenty-five year terms.

Appellee filed a notice of appeal to this court and successfully argued that the trial court erred in sentencing him on the firearm specifications when there was no separate plea of guilty as to those specifications.

Citing *State v. Tyson* (1984), 19 Ohio App. 3d 90 and R.C. 2929.71, this court agreed with the appellee and reversed the judgment and remanded the case to the trial court for resentencing. See, *State v. Lewis* (Dec. 4, 1987), Lake App. No. 12-090, unreported.

In *State v. Tyson, supra,* the court, in paragraph three of the syllabus, held:

"R.C. 2929.71 requires a conviction of, or a guilty plea to, an R.C. 2941.141 firearms specification separate and apart from the underlying criminal offense."

As was noted earlier, appellee did not enter a separate guilty plea to the firearm specifications included in the two underlying offenses to which he entered a plea of guilty, to-wit: aggravated robbery and kidnapping.

On May 12, 1988, upon remand, the appellee refused to plead separately to the firearm specifications. Interpreting the appellate decision, the trial court stated that it had no discretion and was compelled to resentence the appellee without the firearm specifications. Thus, appellee was sentenced to two indefinite terms of five to twenty-five years to be served concurrently. The court granted permission to the state to file a written motion to vacate the sentence and plea in support of its oral argument in order to preserve it for the record for appeal.

On May 17, 1988, the trial court denied the state's "Motion to Vacate the Sentence and Plea Agreement." Appellant has timely appealed and now brings the following assignment of error:

"THE TRIAL COURT ERRED IN DENYING THE STATE'S MOTION TO VACATE THE SENTENCE AND PLEA AGREEMENT, AND RE-SET (sic) THE CASE FOR TRIAL."

In its sole assignment of error, the appellant, State of Ohio, contends that the trial court erred in denying its motion to vacate the sentence and plea. Appellant argues that the defendant-appellee's refusal to plead separately to the firearm specification, upon remand, constitutes fraud on the court which in turn permits the court to exercise its discretion to vacate the sentence in order to avoid manifest injustice.

Appellant's assignment of error has merit.

The proceedings on remand show that, although the trial court sympathized with the state's position that the firearm specifications were part of the plea agreement, the court felt that it had no discretion but was compelled to follow the appellate decision and resentence the appellee without the two three-year terms for the firearm specifications.

A review of the record and transcript indicates that the firearm specifications were part of the plea agreement. There is evidence that appellee signed a written plea of guilty for each underlying offense which expressly included the firearm specification. Prior to the acceptance of the guilty pleas and the original sentencing, the record reveals that the prosecutor, the defense counsel, the appellee and the court all understood that there was a firearm specification for both of the underlying offenses. Specifically, the understanding was that each of the firearm specifications carries a mandatory three-year sentence which was to be served consecutively with each other and the two underlying offenses.

It was determined by this court of appeals in *State* v. *Lewis, supra,* that the appellee could not be sentenced on the firearm specifications until he was separately either found guilty or pled guilty to the specifications as required by R.C. 2929.71.

Upon remand, the trial court asked the appellee if he was willing to plead guilty to the specifications in both of the offenses. Appellee, through his counsel, refused to do so.

At the resentencing hearing on May 12, 1988, the trial court stated in reference to the opinion in the original appeal, *State* v. *Lewis, supra:*

"*** This Court agrees with the attorney for the Defense that I have no discretion, though I may agree with the State, I feel I am compelled by this decision to reimpose -- after the Defendant has an opportunity to speak and counsel -- to reimpose the 5 to 25 on each count and run them concurrent.***"

We find that this was error.

Although our original decision may have been less than clear, we were in no way attempting to foreclose the trial court from further review of the original agreement.

When the appellee refused to plead guilty to the specifications, the trial court's first responsibility was to determine whether the plea agreement was valid. The court should have determined if there was a "meeting of the minds" as to the terms in the agreement. If, in fact, the parties intended to agree to the terms in the agreement, then the court should have determined whether there was a breach of that agreement.

In *State* v. *Curry* (1976), 49 Ohio App. 2d 180, 183, the court held:

"***

"We submit that it is the duty of the trial court as a trier of fact, not the prosecutor's office or the police department, to determine whether there has been compliance with a plea bargaining agreement. This can only come about at a hearing for that purpose. The prosecutor's assertions without further evidence are insufficient to set aside an agreement. The proceeding should be evidentiary in nature and the defendant should be afforded the opportunity to cross-examine and call witnesses and have all other due process requirements. If the defendant has not fulfilled his part of the bargain, the trial court may, at *its* option,

proceed to sentencing or vacate the pleas and require the defendant to stand trial. If the state has violated the agreement, the trial court may order the prosecutor to specifically perform the agreement or vacate the plea and proceed to trial. *Santobello* v. *New York* (1971), 404 U.S. 257 (1971)." (Emphasis supplied.)

"***"

There are facts in the record which legitimately raise the issue of the validity and the breach of the plea agreement. The trial court must hold an evidentiary hearing to determine these issues. If the trial court finds that there was no valid agreement or that the appellee breached the agreement, the trial court may in its sound discretion vacate the sentence and the plea and set the matter for trial.

For the reasons stated herein, the decision of the trial court is reversed, and the within cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

CHRISTLEY, P.J.,
FORD, J., Concur.