STATE OF NEBRASKA, APPELLEE, V. JEFFREY C. CHARLES, ALSO KNOWN AS JEFFREY CRAIG CHARLES, ALSO KNOWN AS JEFFREY CHARLES, APPELLANT.

541 N.W.2d 69

Filed December 12, 1995.   No. A-94-902.

Michael F. Maloney for appellant.

Don Stenberg, Attorney General, Jay C. Hinsley, and, on brief, Delores Coe–Barbee for appellee.

HANNON, IRWIN, and MILLER–LERMAN, Judges.

MILLER–LERMAN, Judge.

Jeffrey C. Charles appeals his judgment of conviction stemming from an incident on December 10, 1993, in Omaha. Because we find that there was no error in the jury charge as claimed on appeal by Charles, we affirm.

## FACTS

Donald Boggess, whose convictions were affirmed in an opinion of this court dated May 16, 1995, and Charles were tried together to a jury in the district court for Douglas County on June 7 through 10, 1994, for crimes charged in connection with an incident occurring on December 10, 1993, in Omaha. See *State v. Boggess*, 95 NCA No. 20, case No. A–94–884 (not designated for permanent publication). The eight–count amended information dated May 31, 1994, charged Charles with the following: count I, robbery; count II, use of a firearm to commit a felony, i.e., robbery; count III, operating a motor vehicle to avoid arrest; count IV, use of a firearm to commit a felony, i.e., operating a motor vehicle to avoid arrest; count V, attempted first degree assault on a police officer; count VI, use of a firearm to commit a felony, i.e., attempted first degree assault on a police officer; count VII, possession of a firearm by a felon; and count VIII, being a habitual criminal.

Following conviction by a jury, the trial judge summarized the underlying episode at the sentencing as follows:

> THE COURT: . . . You robbed a restaurant by firing a firearm through the roof of the restaurant to get everybody's attention and then crawled out the drive through window.
>
> When you were approached by police officers on a traffic stop later on, you fired at the officer investigating

the matter and led the police officers on a lengthy chase, out the interstate to McKinley Road firing enough times that you would have had to reload your weapon two or three times. Spent shells . . . were found about the interior of the vehicle, and actually in the cylinder.

Once you had been stopped, you continued to resist arrest and were only arrested after you'd been subdued by several officers. No one was killed, but you gave it your best efforts.

Charles was thereafter sentenced. This appeal timely followed.

During the trial, the trial court held a jury instruction conference at which the parties generally made their record in connection with the proposed instructions. Specifically, Charles objected to the court's proposed jury instruction No. 7 on use of a firearm to commit a felony, stating that "in it's [sic] present form, it's confusing and Defendant Charles would request that three separate instructions be given as to each [use of a firearm count]." The trial judge overruled the objection, stating that "I think when the instructions and the verdict forms are read, number seven is an accurate and clear statement of the elements that the state must establish for conviction on the use in Counts II, IV and VI."

Instruction No. 7 as given reads as follows:

The material elements which the state must prove by evidence beyond a reasonable doubt in order to convict either of the defendants of the crime charged in Counts 2, 4 or 6 of the Amended Informations, Use of a Firearm in the Commission of a Felony, are:

(1) That on or about the 10th day of December, 1993, in Douglas County, Nebraska, the defendants did commit:

a) the crime of Robbery as to Count 2; or

b) the crime of operating a motor vehicle to avoid arrest as to Count 4; or

c) attempted first degree assault upon an officer as to Count 6.

(2) That in the commission of said crime, defendants used a firearm; and

(3) That the use of a firearm during the commission of the particular crime was done:

214

a) with the intent to steal money as to Count 2; or

b) with the intent to avoid arrest in Count 4; or

c) with intent to do serious bodily injury to an officer in Count 6.

The state has the burden of proving beyond a reasonable doubt each and every one of the foregoing material elements of Count 2, 4 or 6 of the Amended Informations necessary for conviction.

If you find from the evidence beyond a reasonable doubt that each of the foregoing material elements is true, on any of these Counts, it is your duty to find the particular defendant guilty of the crime of Use of a Firearm to Commit a Felony as charged in Count 2, 4, or 6 of the Amended Informations, but as to Jeffrey C. Charles you shall then also consider his plea of not responsible by reason of insanity. On the other hand, if you find the state has failed to prove beyond a reasonable doubt any one or more of the foregoing material elements as to each of these Counts, it is your duty to find that defendant not guilty of Use of a Firearm to Commit a Felony as charged in that Count of the Amended Informations.

The burden of proof is always on the state to prove beyond a reasonable doubt all of the material elements of the crime charged, and this burden never shifts.

We note that other relevant instructions given by the court include the identification by the court of the seven separate counts in the instructions pertaining to the charges brought against Charles other than the habitual criminal charge, directions to the jury to "come to a separate decision regarding each charge," and general instructions pertaining to reasonable doubt, intent, direct and circumstantial evidence, and credibility. The jury was also instructed on Charles' insanity defense. The record shows that the jury was supplied with seven separate verdict forms, one as to each count other than the habitual criminal charge, and that the foreperson of the jury endorsed each verdict form separately.

## ASSIGNMENT OF ERROR

As his sole assignment of error, Charles asserts that the district court "erred in overruling Defendant's objection to jury instruction seven because said instruction had the effect of removing from the jury essential elements necessary for the proof of the crimes charged."

## STANDARD OF REVIEW

It is well settled that to establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. Derry*, 248 Neb. 260, 534 N.W.2d 302 (1995); *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994).

In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Derry, supra*; *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994).

## ANALYSIS

As we understand his appellate argument, Charles claims generally that the vocabulary of instruction No. 7 was confusing and that the trial court erred in not repeating the elements of a charge of use of a firearm to commit a felony (use) three times because Charles was charged with three counts of use. See Neb. Rev. Stat. § 28-1205 (Reissue 1989). We do not find error in the language of instruction No. 7 in the context in which it was given, nor do we find that the trial court erred in its refusal to repeat instruction No. 7 three times or that Charles was prejudiced thereby.

It is well settled that if the jury instructions, when read together, correctly state the law, are not misleading, and adequately state the issues, there is no prejudicial error. *State v. Lowe*, 248 Neb. 215, 533 N.W.2d 99 (1995); *State v. Brunzo*, 248 Neb. 176, 532 N.W.2d 296 (1995); *State v. McHenry*, 247 Neb. 167, 525 N.W.2d 620 (1995). There is no dispute in this

case that instruction No. 7 correctly states the law with respect to the elements of use. Charles nevertheless claims that the challenged instruction is misleading for grammatical reasons, variously because of its use of the word "or" and its use of the word "any." Charles argues that instruction No. 7 misled the jury because the manner in which the foregoing vocabulary was used allowed the jury to find Charles guilty of three counts of use upon proof of one count. Charles, thus, claims prejudice.

In evaluating a claim of an improper jury instruction, the jury instructions must be read together as a whole. *State v. Brunzo, supra.* Rather than dissecting the challenged instruction as urged by Charles, we must examine the effect of the instructions taken together in evaluating a claim that one such jury instruction is badly written. With respect to Charles' claimed grammatical errors, we note that it has been held that "[a]n inadvertent grammatical error in an instruction is harmless error if it is clear from the instruction itself and the other instructions given that the jury was not confused or misled by the error." *Macholan v. Wynegar,* 245 Neb. 374, 381, 513 N.W.2d 309, 314 (1994). Charles claims that the grammar of instruction No. 7 invited the jury to convict Charles of three counts of use if it found him guilty of one. Following our review of the challenged instruction, we conclude that the uses of "or" and "any" do not render the instruction improper. Even if Charles' claim of grammatical error were valid, which we do not conclude, the other instructions directing individual consideration of each count and the provision of a separate verdict form for each count of use would persuade us that the jury was not confused or misled by instruction No. 7.

Charles also argues that the instruction pertaining to use should have been read to the jury three times. It is obvious that a separate count of use of a firearm to commit a felony requires a separate instruction from the underlying felony and preferably is accompanied by a separate verdict form. *State v. Tyson,* 19 Ohio App. 3d 90, 482 N.E.2d 1327 (1984). Although a separate instruction on use of a firearm to commit a felony is required, it does not follow that the use instruction must be repeated to ensure that the separate use counts are considered individually. In the instant case, a use instruction separate and

apart from the instructions relating to the underlying felonies was given, and three separate jury verdict forms were provided, one as to each count of use of a firearm to commit a felony. The jury was instructed to consider each count in the information individually. Clearly, the jury had before it three separate use counts for separate consideration.

■ We understand Charles to suggest, in arguing that the use instruction should have been read three times to support three use convictions, that the State's burden of proof was unconstitutionally lessened by the failure of the trial court to repeat instruction No. 7. See *Francis v. Franklin*, 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985). See, also, *State v. Blake*, 326 N.C. 31, 387 S.E.2d 160 (1990). A review of the cases shows that repetition of instructions is not required to ensure that the standard of proof beyond a reasonable doubt is applied to each count. See, e.g., *State v. Blankenship*, No. CA94-05-118, 1995 WL 547834 (Ohio App. Apr. 17, 1995).

The argument that certain jury instructions should have been repeated has been made and rejected in a variety of contexts. The cases tend to cluster into those involving claims that general instructions should have been repeated and those involving claims that the instructions regarding specific crimes should have been repeated. For example, in connection with general instructions, on a claim that a separate intent instruction should have been given as to each intentional crime charged in a multiple-count information, the New Mexico Court of Appeals held that such repetition was not required, that a contention that the intent charge should be repeated bordered on the frivolous, and that the application of the general intent instruction to several counts did not constitute a prohibited modification of uniform instructions. *State v. Kendall*, 90 N.M. 236, 561 P.2d 935 (N.M. App. 1977), *rev'd in part on other grounds*, 90 N.M. 191, 561 P.2d 464. As noted above, in *State v. Blankenship, supra*, it was held in a multiple-charge indictment case subject to review for plain error that the general reasonable doubt instruction need not be repeated in connection with each possession of a firearm count. See, also, *State v. Penson*, No. 9193, 1990 WL 19395 (Ohio App. Feb. 26, 1990) (unpublished opinion).

In cases involving claims that the elements of specific crimes should be repeated, such as asserted by Charles in the instant case, such repetition has been rejected as not necessary to a fair and complete jury charge. In *People v Payne*, 90 Mich. App. 713, 282 N.W.2d 456 (1979), a case involving, inter alia, six counts of criminal sexual conduct and assault with intent to commit criminal sexual conduct, the appellate court rejected a claim that the elements of criminal sexual conduct should have been repeated where the trial court properly instructed on the elements and made it clear the elements applied to each count. In rejecting appellant's argument, the Michigan appellate court stated, "Defendant is, in effect, asking for six charges to the jury. This would be unnecessarily cumbersome and a poor administration of justice." *Id.* at 722, 282 N.W.2d at 460. See, *United States v. MacQueen*, 596 F.2d 76, 82 (2d Cir. 1979) (stating that "[a] trial judge is not obligated to repeat adequate instructions"); *People v. Giles*, 60 A.D.2d 635, 400 N.Y.S.2d 181 (1977) (finding defendant's argument that trial court erred in refusing to reiterate charge to jury to be without merit). In *People v. Estela*, 177 A.D.2d 646, 577 N.Y.S.2d 70 (1991), the New York appellate court held in a homicide prosecution that the trial court was not required to repeat after each count and each lesser–included offense that the defense of justification applied. The court in *Estela* reasoned that repetition would have confused the jury and prevented it from properly exercising its function. See *United States v. Persico*, 349 F.2d 6 (2d Cir. 1965). See, also, *State v. McDougald*, 336 N.C. 451, 444 S.E.2d 211 (1994); *People v Bonham*, 182 Mich. App. 130, 451 N.W.2d 530 (1989); *State v. Golden*, No. CA 12912, 1987 WL 14439 (Ohio App. July 15, 1987) (unpublished opinion).

█ In the instant case, the record shows that the jury was clearly instructed that it was to deliberate and return a separate verdict on each count and was supplied seven separate verdict forms for such purpose. Instruction No. 7 stated the elements of the crime of use of a firearm to commit a felony and indicated that these were the elements to be proven by the State beyond a reasonable doubt as to each of counts II, IV, and VI to support a conviction. Instruction No. 7 was properly worded and did not need to be repeated. Repetition would have caused

confusion. We find no merit to Charles' assertions that instruction No. 7 was prejudicially worded or that instruction No. 7 should have been repeated three times.

AFFIRMED.

HANNON, Judge, dissenting in part.

I believe instruction No. 7 misstates the law and is misleading. I would therefore reverse the convictions on counts II, IV, and VI and remand the cause for a new trial, but I would affirm the other convictions.