This case came to be heard on the appeal of the defendant-appellant, Donald Richard (hereinafter "appellant"), from his plea of guilty in Cuyahoga County Court of Common Pleas Case No. 358885 to the indictment, which consisted of one count of attempted murder in violation of R.C. 2923.02 and R.C. 2903.02. The appellant was indicted on or about January 29, 1998. The indictment also contained a mandatory three year firearm specification, pursuant to R.C. 2941.145, and a repeat violent offender specification, pursuant to R.C. 2929.01(EE).
The appellant withdrew his previously entered plea of not guilty and entered a plea of guilty midway through trial on approximately June 3, 1998. Prior to advising the court of the agreed plea, the appellant, the appellant's attorney, the Cuyahoga County Prosecutor's Office, and a representative of the victim each signed a Recommended Sentence Agreement wherein it was stated that the parties agreed that the Cuyahoga County Prosecutor's Office would recommend a sentence to the trial court of seven years on the attempted murder count and an additional three years on the mandatory firearm specification, which would be served concurrently with any sentences imposed upon the defendant in Cases Nos. 354572 and 354203, which were also pending at the time of the plea agreement. The Recommended Sentence Agreement was subsequently filed with Clerk of Court's office and was ultimately adopted and imposed by the trial court without modification.
Prior to accepting the appellant's guilty plea, the trial court asked the defendant whether he understood that, by entering a plea of guilty, he was waiving a number of his constitutional rights, including his right to a jury trial; his right to confront and examine witnesses; his right to subpoena witnesses on his behalf; his right to have the State prove his guilt beyond a reasonable doubt; and his right not to testify at trial or to have his failure to testify used against him. The appellant responded in the affirmative to each of these inquiries. The appellant also stated that he understood that the court could proceed to judgment and sentence the appellant on the day of the plea. In addition, the court addressed the appellant as follows:
 [T]he Court (sic) has been advised that you intend to plead guilty to count one in Case No. 358885, which carries both a firearm specification as well as a repeat violent offender specification, and it being a felony of the first degree, punishable by three, four, five, six, seven, eight, nine or ten years incarceration, subject to five years of post-release control, and $20,000 fine, as well as the fact that the gun specification requires three years of mandatory time to be served first before your body of the count time.
The appellant expressly stated, on the record, that he did understand the facts of his plea bargain as outlined by the court above.
Per an order of this court dated December 23, 1998, the appellant in this case was permitted to file a pro se brief which is separate and distinct from the brief filed by appellant's appointed counsel. The appellant's pro se brief contains two assignments of error which both raise issues identical to those raised in the fifth assignment of error of the brief filed by appointed counsel. Thus, this court will address those assignments of error concurrently:
ASSIGNMENT OF ERROR NO. I:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON THE FIREARM SPECIFICATION WHEN THERE WAS NO SEPARATE PLEA OF GUILTY ENTERED (OR ACCEPTED) AS TO THE FIREARM (GUN) SPECIFICATION, R.C. 2941.145.
ASSIGNMENT OF ERROR NO. II:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON THE UNDERLYING FELONY, THE FIREARM SPECIFICATION WHERE, (SIC) ONLY ONE GUILTY PLEA WAS ENTERED FOR THE FIREARM SPECIFICATION, THE UNDERLYING FELONY AND THE REPEAT VIOLENT OFFENDER (RVO) SPECIFICATION, AND THE RECORD DOES NOT AFFIRMATIVELY DEMONSTRATE WHICH OF THE THREE CATEGORIES WAS THE SINGLE [GUILTY PLEA] (SIC) ENTERED BY APPELLANT AND ACCEPTED BY THE TRIAL COURT, WHERE A SEPARATE GUILTY PLEA MUST BE ENTERED ON FIREARM AND (RVO) SPECIFICATIONS. R.C. 2929.14; R.C. 2941.145; R.C. 2941.141, AND R.C. 2941.149.
The fifth assignment of error contained in appellant's counsel's brief is as follows:
 V. THE TRIAL COURT ERRED BY FAILING SEPARATELY (SIC) ACCEPT A PLEA FOR THE GUN SPECIFICATION
The appellant points to R.C. 2929.71 and the case of State v.Tyson (1984), 19 Ohio App.3d 90, in support of his assertion that the trial court erred in not requiring that the appellant enter a separate guilty plea to the repeat violent offender specification contained in the indictment after he had already entered a plea of guilty to the underlying offense of attempted murder. R.C.2929.71, which is referenced in the Tyson opinion, was subsequently repealed when the legislature passed new sentencing guidelines, commonly referred to as Senate Bill 2, effective July 1, 1996. The statute referenced in the firearm specification contained in the indictment was R.C. 2941.145. The court in Tyson
held, in relevant part, that a trial judge must instruct a jury as to the elements of a specification separately and apart from the underlying criminal offense and must provide jury forms separately responsive for the underlying offense and the specification. Id. at 94. The Tyson decision is easily distinguishable from the instant matter because the appellant herein waived his right to have his guilt decided by a jury and entered a plea of guilty.
The trial court in the instant case specifically inquired of the appellant whether he understood that "the gun specification requires three years of mandatory time to be served." The appellant answered on the record that he did in fact so understand.
During the course of accepting the appellant's plea in the instant case, the trial court engaged in the following exchange with the appellant:
 THE COURT: And your plea to count one, in Case No. 358885, being a felony of the first degree, punishable by three, four, five six — I am sorry, nine or ten years of incarceration, up to a $20,000 fine, and subject to five years of post-release control, as well as a gun specification of mandatory three years, and a repeat violent offender specification, up to ten years; what is your plea?
THE DEFENDANT: Guilty.
(Emphasis added.)
In State v. Gibson (1991), Cuyahoga App. No. 59541, unreported, this court found that an appellant had entered a proper plea of guilty where the circumstances of the plea were essentially identical to those in the case sub judice. The court in Gibson
stated that the standard to be employed in determining whether a defendant has properly entered a plea of guilty to a firearm specification is whether the trial court has substantially complied with Civ.R. 11.
In the case sub judice, the trial court engaged in an open dialogue with the appellant during which it advised the appellant of his constitutional rights, explained to the appellant the consequences of his plea, and determined that the plea was voluntarily entered. Additionally, the trial court instructed the appellant, on the record, that he was also entering a plea to a firearm specification and a repeat violent offender specification; the firearm specification carrying a mandatory prison term of three years. It is abundantly clear from the record, as well as from the Recommended Sentence Agreement signed by the appellant, that the appellant fully understood that he was entering a plea of guilty to the firearm specification, as well as the underlying offense. Therefore, these assignments of error are overruled.
The first four assignments contained in the appellant's counsel's brief are all interrelated and/or redundant and will be addressed concurrently.
 I. THE TRIAL COURT ERRED IN VIOLATION OF CRIM.R. 11(C) BY FAILING TO EXPLAIN THE RIGHTS THAT DEFENDANT WAS WAIVING BY PLEADING GUILTY.
 II. THE TRIAL COURT'S FAILURE TO SPECIFICALLY INQUIRE OF DEFENDANT WHETHER HE UNDERSTOOD THE NATURE OF THE CONSTITUTIONAL RIGHTS ENUMERATED IN CRIM.R. 11(C) CONSTITUTES A VIOLATION OF DUE PROCESS.
 III. THE TRIAL COURT ERRED BY RAILING (SIC) TO INFORM DEFENDANT HE (SIC) WAS INELIGIBLE FOR PROBATION THUS DESTROYING HIS ABILITY TO MAKE A VOLUNTARY, KNOWING AND INTELLIGENT CHOICE IN VIOLATION OF CRIM.R 11.
 IV. THE PROCEEDINGS BELOW WERE DEFECTIVE IN THAT NO INQUIRY WAS MADE REGARDING WHETHER DEFENDANT UNDERSTOOD THE NATURE OF THE CRIME AND CONSEQUENTLY THE COURT ERRED IN ACCEPTING A PLEA WHICH WAS NEITHER KNOWINGLY. WILLINGLY NOR INTELLIGENTLY MADE IN VIOLATION OF CRIM.R. 11 AND DEFENDANT'S CONSTITUTIONAL RIGHTS.
A reviewing court will not vacate a guilty plea if it determines that the trial court substantially complied with Crim.R. 11(C). State v. Harris (Dec. 11, 1997), Cuyahoga App. No. 71897, unreported. In State v. Nero (1990), 56 Ohio St.3d 106, the Ohio Supreme Court stated:
 Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review * * *. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights that he is waiving * * *. [W]here the totality of the circumstances indicates that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea * * * without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11. Id. at 107-108.
The transcript of the plea proceedings in the instant case is replete with evidence that the appellant understood all of the consequences of his plea and knew that he was not eligible for probation. During the plea hearing, the assistant prosecutor assigned to the case stated:
 [T]he State has been informed that the defendant intends to withdraw his previously entered plea of not guilty, and enter a plea of guilty to the indictment, which is a felony of the first degree, carrying a potential term of incarceration of three to ten years in one year increments, and a fine of up to $20,000.00.
 It also carries a firearm specification of three years * * *.
 In exchange for the defendant's change of plea to guilt (sic), the State would enter into a recommended sentence with the defendant, that he do a total of ten years on the sole count in the indictment. * * *
 If I may present the court with the recommended sentence form, which I have indicated has been signed by all parties from the State, as well defense counsel and defendant. I do (sic) specifically write on there, seven on the underlying offense, plus three years on the gun specification, totaling ten years, your honor.
The trial court then inquired of the appellant's trial counsel whether the state's description of the plea agreement and agreed recommended sentence were accurate. Appellant's trial counsel responded as follows:
Yes, it is, your Honor.
 In addition Prosecutor Skutnik has adequately and accurately described the plea agreement as I understand it. I have signed my name to the recommended sentence, as has my client.
 Furthermore, we have discussed the ramifications of a plea. As this court knows, we are engaged in trial.
 I believe my client is making his withdrawal of his not guilty plea knowingly, voluntarily, and intelligently.
 We have also discussed the ramifications of Senate Bill 2, as this case falls under those auspices, as well as the bad time provision contained therein, as I know this Court will fully advise him. I believe my client is fully apprised of the situation.
At this point in the plea proceeding, the appellant, in response to a question put to him by the court, stated that he fully understood everything that had been said in the proceeding thus far.
As was noted earlier in this decision, the trial court also painstakingly inquired of the defendant whether he understood each of the constitutional rights that he was waiving by pleading guilty. The appellant responded separately, in the affirmative, to each of these questions.
In view of the foregoing, there simply is no doubt that the appellant understood the implications of his plea, including his non-eligibility for probation, as well as the rights that he was waiving. The trial court, as well as the state and appellant's trial counsel, could have hardly made a more thorough record complying with Crim.R. 11(C) and establishing that the appellant's plea was voluntary and knowingly made in all respects. Therefore, these assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and PATTON. J., CONCUR.
 __________________________________ MICHAEL J. CORRIGAN JUDGE