I concur in judgment only with the majority opinion. As an initial matter, I note that it is not the general practice of this court to name trial judges in appellate opinions. Therefore, I adopt the concurring opinions in State v. Latson (1999), 133 Ohio App.3d 475, 483, ___ N.E.2d ___, ___; and State v. Thomas (May 13, 1999), Cuyahoga App. Nos. 72536, 72537, unreported.
More importantly, I must disagree with the majority's obiter dicta
regarding separate pleas on firearm specifications. This court has found that a separate plea on a firearm specification is not necessary where the trial court substantially complied with Crim.R. 11. State v. Richard
(Oct. 28, 1999), Cuyahoga App. No. 74815, unreported.
Former R.C. 2929.71(A) and corresponding case law required separate pleas for firearm specifications. However, R.C. 2929.71 was repealed on July 1, 1996. The case law cited in the majority opinion relied on R.C.2929.71 and, therefore, is no longer persuasive on this issue. State v.Tyson (1984), 19 Ohio App.3d 90, 482 N.E.2d 1327.
The majority opinion fails to cite to any current law in Ohio which requires a trial court to separately accept guilty pleas on firearm specifications. The plain language of R.C. 2929.14 (D)(1)(a)(i) does not support the majority's proposition. As such, I cannot concur with the majority opinion in this regard.