THE STATE OF OHIO, APPELLEE, *v.* LYTLE, A.K.A. PAYCHECK, APPELLANT.

[Cite as State *v.* Lytle (1990), 49 Ohio St. 3d 154.]

(No. 88-2200—Submitted December 13, 1989—Decided March 7, 1990.)

*Rocky A. Coss,* prosecuting attorney, for appellee.

*Ralph C. Buss,* for appellant.

*David E. Landefeld,* urging affirmance for *amicus curiae,* Ohio Prosecuting Attorneys Assn.

WRIGHT, J. The only issue certified to this court by the court of appeals is:

If a defendant is indicted for a second-degree felony with a firearm specification but convicted of a lesser included, third- or fourth-degree felony not set forth in the indictment, does the firearm specification accompanying the greater offense in the indictment apply to the lesser offense for purposes of sentencing? In *Tyson, supra,* the Court of Appeals for Hamilton County construed the language of the statutes pertaining to this issue to prohibit imposition of a three-year term of actual incarceration for the firearm specification and to prohibit imposition of an indefinite sentence for the lesser offense as well, when the lesser offense was not stated in the indictment. *Gillenwater, supra,* which the Court of Appeals for Highland County ruled as controlling in the case, reached the opposite conclusion. For the reasons that follow, we adopt the position of the court of appeals below.

Several statutes set out the requirements and limitations pertaining to sentencing when a firearm specification accompanies a third- or fourth-degree felony count in an indictment. Lytle was convicted of aggravated assault, a violation of R.C. 2903.12, classified as a fourth-degree felony by R.C. 2903.12(B). R.C. 2929.11(B)(7) imposes the following indefinite sentences for fourth-degree felonies:

"Except as provided in division (D) of this section, section 2929.71, and Chapter 2925. of the Revised Code, terms of imprisonment for felony shall be imposed as follows:

"* * *

"(7) For a felony of the fourth degree, the minimum term shall be eighteen months, two years, thirty months, or three years, and the maximum term shall be five years."

Lytle's three-year additional sentence for involving a firearm in the commission of a felony was imposed pursuant to R.C. 2929.71(A):

"The court shall impose a term of actual incarceration of three years in addition to imposing a life sentence pursuant to section 2907.02, 2907.12, or 2929.02 of the Revised Code or an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code, if both of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code;

"(2) The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment."

However, both R.C. 2929.11(G) and 2929.71(C) add another stricture with regard to sentencing in this case. R.C. 2929.11(G) applies to imposing an indefinite sentence for a third- or fourth-degree felony:

"No person shall be sentenced pursuant to division (B)(6) or (7) of this section to an indefinite term of imprisonment for a felony of the third or fourth degree unless the indictment, count in the indictment, or information charging him with the offense contains a specification as set forth in section 2941.143 of the Revised Code."

R.C. 2941.143 precludes imposition of an indefinite sentence pursuant to R.C. 2929.11(B)(6) or (B)(7) unless the indictment or information contains a specification in substantially the following form:

"* * * '*Specification (or, Specification to the First Count*). The grand jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth the allegation either that, *during the commission of the offense,*

*the offender caused physical harm to any person, or made an actual threat of physical harm to any person with a deadly weapon,* or that the offender has previously been convicted of or pleaded guilty to an offense of violence).' " (Emphasis added in part.)

R.C. 2929.71(C) applies to imposition of a three-year term of actual incarceration for offenses involving a firearm:

"No person shall be sentenced pursuant to division (A) of this section unless the indictment, count in the indictment, or information charging him with the offense contains a specification as set forth in section 2941.141 of the Revised Code."

R.C. 2941.141 precludes imposition of the three-year additional sentence for involving a firearm in a felony unless the indictment contains a specification in substantially the following form:

"* * * *Specification (or, Specification to the First Count).* The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the *offender had a firearm on or about his person or under his control while committing the offense).*" (Emphasis added in part.)

The import of R.C. 2941.141 and 2941.143, according to *Tyson,* is that unless the third- or fourth-degree felony of which a defendant is convicted appears in the indictment and is accompanied by its own separate deadly weapon specification, the trial court may not impose an indefinite sentence for the lesser included felony or an additional three-year sentence for the firearm specification. *Tyson, supra,* paragraphs one and two of the syllabus. The defendant's sentence for the felony would be only a definite term as prescribed by R.C. 2929.11(D) where the offense did not involve a deadly weapon. Under R.C. 2929.11(D)(2), the maximum sentence Lytle would receive from a court following *Tyson* would be eighteen months.

We disagree with the *Tyson* interpretation of the statutes examined above. In the case before us, as in *Tyson,* the indictment contained no separate count for the lesser included offense of aggravated assault precisely because aggravated assault *is* a lesser included offense. As this court held in *White* v. *Maxwell* (1963), 174 Ohio St. 186, 188, 22 O.O. 2d 140, 141, 187 N.E. 2d 878, 880, certiorari denied (1963), 375 U.S. 880, "* * * although an accused may be convicted of a lesser included offense, it is not necessary that each lesser included offense of a crime be set forth in the indictment."

Therefore, the statutory mandate reiterated in R.C. 2929.11(G), 2929.71 (C), 2941.141(A), and 2941.143 that the indictment contain a deadly weapon specification does *not* mean that the lesser included third- or fourth-degree offense must appear as a separate count in the indictment with its own firearm specification for the sentences set out in R.C. 2929.11(B)(7) and 2929.71(A) to be imposed. It follows from our holding in *White, supra,* that if the "* * * indictment, count in the indictment, or information charg[es] him with *the offense* * * *"* (emphasis added) of a greater degree than a third- or fourth-degree felony, the indictment or count necessarily and simultaneously charges the defendant with lesser included offenses as well.

Reading the statutes this way does no violence to the salutary purpose of putting a defendant on notice that the prosecutor seeks an enhanced sentence for involving a firearm in the crime and that the defendant should prepare a defense accordingly.

Therefore, we agree with the conclusion of the Court of Appeals for Highland County that where a defen-

dant is convicted of a third- or fourth-degree felony that is a lesser included offense of a felony of greater degree, and where the felony of greater degree is charged in the indictment and is accompanied by a firearm specification, pursuant to R.C. 2941.141(A), the firearm specification applies to the lesser included offense. In the instant case it was proper for the trial court to impose an indefinite sentence for aggravated assault and an additional three years of actual incarceration for the firearm specification accompanying the charge of felonious assault in the indictment against appellant Lytle.

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.

SWEENEY, J., dissents.