The STATE of Ohio, Appellee,

v.

VALENTINE, Appellant.

[Cite as *State v. Valentine* (1991), 77 Ohio App.3d 489.]

Court of Appeals of Ohio,
Warren County.

No. CA91-01-006.

Decided Sept. 30, 1991.

Timothy A. Oliver, Prosecuting Attorney, and Carolyn A. Duvelius, for appellee.

Thomas E. Fox, Jr., for appellant.

JONES, Presiding Judge.

On June 17, 1990, defendant-appellant, Charles Valentine, and Bobby Angles, both inmates confined at Lebanon Correctional Institute, were involved in an altercation during which appellant squirted an acidic substance at Angles, some of which splashed into Angles's eye causing serious injury.

Appellant was indicted on one count of felonious assault, a second degree aggravated felony under R.C. 2903.11(A)(1). The grand jury also added a specification under R.C. 2941.142, charging appellant with a previous conviction for robbery, also a second degree aggravated felony. The case was tried on January 7 and 8, 1991. The jury found appellant guilty of the lesser fourth degree felony of aggravated assault, in violation of R.C. 2903.12(A)(1). The trial court imposed an indeterminate sentence of one and one-half to five years' imprisonment pursuant to R.C. 2929.11(B)(7). In a single assignment of error, appellant claims that:

"The trial court erred by giving Appellant an indeterminate sentence in violation of Section 2929.11(B)(7), (D) and (G), and 2941.143, R.C. [sic]."

In this case, we are called upon to review appellant's indeterminate sentence in light of R.C. 2929.11 and 2941.143. Appellant was convicted of a fourth degree felony, the penalty for which is set forth in R.C. 2929.11(B). The pertinent provisions of R.C. 2929.11 provide that:

"(A) Whoever is convicted of or pleads guilty to a felony other than aggravated murder or murder, except as provided in division (D), (E), or (H) of

this section, shall be imprisoned for an indefinite term * * *. The indefinite term of imprisonment shall consist of a maximum term as provided in this section and a minimum term fixed by the court as provided in this section.
" * * *

"(B) Except as provided in division (D) or (H) of this section * * * terms of imprisonment for felony shall be imposed as follows:
" * * *

"(2) For an aggravated felony of the second degree:
" * * *

"(b) If the offender has previously been convicted of or pleaded guilty to any aggravated felony of the first, second, or third degree * * * the minimum term shall be imposed as a term of actual incarceration of eight, nine, ten, eleven, or twelve years, and the maximum term shall be fifteen years;
" * * *

"(7) For a felony of the fourth degree, the minimum term shall be eighteen months, two years, thirty months, or three years, and the maximum term shall be five years.
" * * *

"(D) Whoever is convicted of or pleads guilty to a felony of the third or fourth degree and did not, during the commission of that offense, cause physical harm to any person or make an actual threat of physical harm to any person with a deadly weapon * * * and who has not previously been convicted of an offense of violence shall be imprisoned for a definite term * * *.

"The terms of imprisonment shall be imposed as follows:
" * * *

"(2) For a felony of the fourth degree, the term shall be six months, one year, or eighteen months.
" * * *

"(F) No person shall be sentenced for an offense pursuant to division * * * (2)(b) * * * of this section because the offender has previously been convicted of or pleaded guilty to any aggravated felony of the first, second, or third degree * * * unless the indictment, count in the indictment, or information charging him with the offense contains a specification as set forth in section 2941.142 of the Revised Code.

"(G) No person shall be sentenced pursuant to division (B)(6) or (7) of this section to an indefinite term of imprisonment for a felony of the third or fourth degree unless the indictment, count in the indictment, or information

charging him with the offense contains a specification as set forth in section 2941.143 of the Revised Code."

R.C. 2941.143 provides for the following:

"Imposition of an indefinite term pursuant to division (B)(6) or (7) of section 2929.11 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies either that, during the commission of the offense, the offender caused physical harm to any person or made an actual threat of physical harm to any person * * * or that the offender has previously been convicted of or pleaded guilty to an offense of violence. Such a specification shall be stated at the end of the body of the indictment, count, or information and shall be in substantially the following form:

" '*Specification (or, Specification to the First Count*). The grand jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth the allegation either that, during the commission of the offense, the offender caused physical harm to any person, or made an actual threat of physical harm to any person with a deadly weapon, or that the offender has previously been convicted of or pleaded guilty to an offense of violence).' "

Appellant contends that as a result of his conviction for a fourth degree felony, he cannot be sentenced to an indefinite term since there was no specification in the indictment complying with R.C. 2929.11(G) and 2941.143. However, appellant was not indicted for a third or fourth degree felony. Rather, appellant was indicted for felonious assault, a second degree aggravated felony. R.C. 2929.11(G) provides that no indefinite sentence shall be imposed for a third or fourth degree felony unless the indictment "charging him with the offense" contains a specification complying with R.C. 2941.143. As used in R.C. 2929.11(G), is the term "the offense" only referring to a third or fourth degree felony specifically charged in the indictment, or is it all-encompassing so as to include any offense, such as a more serious first or second degree felony which also includes a third or fourth degree felony as a lesser included offense? In other words, if an indictment, as in the case at bar, charges the accused with a second degree aggravated felony (felonious assault) of which a fourth degree felony (aggravated assault) is a lesser included offense, must the indictment include a specification under R.C. 2941.143 in order to impose an indefinite term should the accused be convicted of the lesser included offense?

In *State v. Lytle* (1990), 49 Ohio St.3d 154, 551 N.E.2d 950, the defendant, who was indicted for a second degree felony with a firearm specification, was convicted of a lesser included fourth degree felony for which he received a

three-year term of actual incarceration for the firearm specification. The Ohio Supreme Court held that where a defendant is convicted of a third or fourth degree felony that is a lesser included offense of the felony of a greater degree, and where the felony of greater degree is charged in the indictment and is accompanied by a firearm specification, the specification also applies to the lesser included offense. *Id.* at syllabus. The Supreme Court went on to hold that R.C. 2929.11(G) and 2941.143 do not require that a lesser included third or fourth degree offense appear as a separate count in the indictment with its own specification in order for an indefinite sentence to be imposed.

■ Similarly, we believe that where the indictment charges the accused with a second degree felony and the indictment contains a specification which would result in an indefinite term, a lesser included fourth degree felony offense need not separately appear in the indictment with its own specification, so long as the original charge is accompanied by a specification which places the accused on notice that he faces a possible indefinite term.

■ In the case at bar, both the original charge of felonious assault and the offense for which appellant was convicted, aggravated assault, include "caus[ing] serious physical harm to another" as an element of the offense. R.C. 2903.11(A)(1) and 2903.12(A)(1). Furthermore, the specification included in the indictment charged appellant with a prior conviction of R.C. 2911.02, which, by definition, is an "offense of violence." See R.C. 2901.01(I)(1). Thus, we believe that appellant received adequate notice from the indictment that a conviction could result in an indefinite sentence under R.C. 2929.11 which is in keeping with "the salutary purpose of putting a defendant on notice that the prosecutor seeks an enhanced sentence * * * and that the defendant should prepare a defense accordingly." *Lytle, supra,* 49 Ohio St.3d at 157, 551 N.E.2d at 953.

Furthermore, R.C. 2929.11(D), by its terms, clearly states that whoever is convicted of a third or fourth degree felony shall be imprisoned for a definite term if, during the commission of the offense, the individual *did not cause* physical harm to any person and *has not previously been convicted* of an offense of violence. In the case at bar, appellant's actions resulted not only in physical harm to the victim, but serious physical harm. In addition, appellant had previously been convicted of an offense of violence. Under such circumstances, R.C. 2929.11(D) mandates an indefinite sentence.

For these reasons, appellant's assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.