The STATE of Ohio, Appellee,

v.

CARROLL, Appellant.

[Cite as *State v. Carroll* (1995), 104 Ohio App.3d 372.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 94CA2032.

Decided June 6, 1995.

*Richard G. Ward,* Ross County Prosecuting Attorney, and *Scott W. Nusbaum,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *Daniel L. Silcott*, Assistant Public Defender, for appellant.

---

KLINE, Judge.

The state of Ohio, plaintiff-appellee, indicted Shawn Carroll, defendant-appellant, for an aggravated felony of the second degree (felonious assault) with a firearm specification. The indictment did not contain a R.C. 2941.143 specification. Through a negotiated plea, the appellant signed a form captioned "Petition to Enter Plea of Guilty." He entered pleas of guilty to a fourth-degree felony (aggravated assault)[1] and the original firearm specification. The trial court accepted both pleas and sentenced the appellant to a penal institution. The sentence consisted of three years of actual incarceration for the firearm specification and a definite term of six months for the fourth-degree felony. The court ordered that the sentences be consecutive and that the actual incarceration be served first. The appellant appeals this sentence and asserts one assignment of error:

"The trial court's sentence of three years' actual incarceration to be followed by a definite prison term of six months was contrary to law."

The appellant argues that the trial court did not have the option of imposing an indefinite sentence for the fourth-degree felony. He maintains that the only proper sentence for his fourth-degree felony is a definite term of imprisonment.[2] Our standard of review is *de novo*.

R.C. 2929.11(G) states:

"No person shall be sentenced pursuant to division (B)(6) or (7) of this section to an indefinite term of imprisonment for a felony of the third or fourth degree unless the indictment * * * charging him with the offense contains a specification as set forth in section 2941.143 of the Revised Code."

---

1. Aggravated assault is now a felony of the third degree.

2. Criminal statutes provide not only the definition of a crime, but the punishment or penalties for the crime as well. R.C. 5145.01 addresses the two different types of sentencing allowed by statute:

"Courts imposing sentences to the penitentiary for felonies shall make the sentences either indefinite or definite in their duration."

Whether the sentence is definite or indefinite depends upon the severity of the offense and the corresponding statute proscribing the offense. Definite sentences impose terms of imprisonment for an exactly stated time period in which the defendant must be incarcerated and then released. These sentences are usually less severe and shorter than an indefinite sentence. Indefinite sentences state the minimum and maximum time that the defendant can be imprisoned. These sentences are usually longer, and the penitentiary controls when the prisoner will be released during that time period.

R.C. 2941.143 provides that the specification must be in substantially the following form:

"The grand jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth the allegation either that, during the commission of the offense, the offender caused physical harm to any person, or made an actual threat of physical harm to any person with a deadly weapon, or that the offender has previously been convicted of or pleaded guilty to an offense of violence)."

Appellant maintains that because there was no R.C. 2941.143 specification in his indictment, the court is precluded from sentencing him to an indefinite term for the fourth-degree felony.

Based on the above statutes, it would first appear that this is true. However, the appellant disregards the fact that he was indicted for a second-degree felony that is punishable by an indefinite sentence. The Ohio Supreme Court discussed this issue in *State v. Lytle* (1990), 49 Ohio St.3d 154, 157, 551 N.E.2d 950, 952–953. In *Lytle*, the Ohio Supreme Court encountered circumstances almost identical to those in the case at bar. The state of Ohio in Count One of the indictment charged the defendant with a second-degree felony (felonious assault) and a firearm specification. There was no R.C. 2941.143 specification. After a jury trial, the defendant was found guilty of a fourth-degree felony (aggravated assault) and the original firearm specification. The trial court sentenced defendant to an indefinite term of imprisonment for the fourth-degree felony and a three-year term of imprisonment for the firearm specification. In *Lytle*, the court held that R.C. 2929.11(G) and 2941.143 do not require that the lesser third- or fourth-degree offense appear as a separate count in the indictment with its own specification in order for an indefinite sentence to be imposed. The Ohio Supreme Court approved the trial court's sentence even though the indictment did not have the specification required by R.C. 2941.143 to impose an indefinite term of imprisonment. The court said:

"Reading the statutes this way does no violence to the salutary purpose of putting a defendant on notice that the prosecutor seeks an enhanced sentence for involving a firearm in the crime and that the defendant should prepare a defense accordingly."

In the case at bar, appellant was charged in the indictment with a second-degree felony and a firearm specification. There was no R.C. 2941.143 specification. After a negotiated plea agreement, the trial court found appellant guilty of a fourth-degree felony. The plea bargain retained the original firearm specification. Therefore, pursuant to *Lytle*, the trial court is not precluded from imposing

an indefinite sentence for the fourth-degree felony even though the indictment did not allege the R.C. 2941.143 specification.

Appellant's original charge of a second-degree felony, which is punishable by an indefinite sentence, put the appellant on notice that the prosecutor was seeking an enhanced sentence.[3]  The charge of a second-degree felony satisfies the purpose of the R.C. 2941.143 specification, which is to provide notice to the appellant that the prosecutor is seeking an indefinite sentence.  Therefore, when the appellant entered a plea of guilty to the reduced offense, a fourth-degree felony, the trial court could have properly imposed an indefinite sentence.  Consequently, the court could then have properly imposed the three-year term of imprisonment for the firearm specification.

A significant difference between the *Lytle* case and the case at bar is that the *Lytle* case went to a jury.  The record showed that the facts supported a finding of guilty of a R.C. 2941.143 specification.  Here, the record is silent on the facts.  However, it is our opinion that a trial court must decide if the facts support a R.C. 2941.143 specification violation before an indefinite sentence can be imposed.  The reason is that a defendant can be guilty of aggravated assault and a firearm specification without physical harm, threat of physical harm with a deadly weapon, or a prior conviction of violence.

Appellant argues that the Court of Appeals for Hamilton County in *State v. Tyson* (1984), 19 Ohio App.3d 90, 19 OBR 175, 482 N.E.2d 1327, precluded the imposition of an indefinite sentence for a fourth-degree felony without a R.C. 2941.413 specification.  The state of Ohio in *Tyson* charged the defendant with attempted murder and the firearm specification.  There was no R.C. 2941.143 specification.  The defendant was found guilty of a fourth-degree felony (aggravated assault) and the original firearm specification.  The appeals court would allow only a definite sentence.  In *Lytle,* 49 Ohio St.3d at 157, 551 N.E.2d at 952–953, the Ohio Supreme Court disagreed with the *Tyson* interpretation of the statutes involved.  Therefore, the part of *Tyson* dealing with this issue does not apply.

Appellant further argues that the case of *State v. Morris* (May 13, 1994), Lucas App. No. L–93–180, unreported, 1994 WL 193756, is directly on point.  The *Morris* court relied on *State v. Witwer* (1992), 64 Ohio State 3d 421.  The *Morris* Court stated:

---

**3.**  The apparent purpose in requiring a specification is to give the defendant notice that, if the specification is proven, the longer indefinite sentence, as opposed to a shorter definite sentence, would be imposed.  This prepares the defendant so that he may adduce evidence as to the averred specification. *State v. Gillenwater* (Nov. 12, 1987), Highland App. No. 651, unreported, 1987 WL 19849.

"The Supreme Court of Ohio in *Witwer* * * * came to the conclusion that an indefinite sentence may be imposed on one convicted of a fourth degree felony only if the indictment includes the R.C. 2941.143 specification."

We disagree with the *Morris* court interpretation of the *Witwer* case. In *Witwer*, the indictment charged the defendant with a fourth-degree felony (aggravated vehicular homicide). The indictment also properly contained a R.C. 2941.143 specification. The penalty for a fourth-degree felony without the R.C. 2941.143 specification is a definite sentence. To put the defendant on notice that an enhancement of an indefinite sentence is sought, a R.C. 2941.143 specification is necessary. *Witwer* is distinguishable from the case at bar. In *Witwer* the indictment charged defendant with a fourth-degree felony. Here, the indictment originally charged appellant with a second-degree felony. *Witwer* required the R.C. 2941.143 specification to put the defendant on notice that an enhanced (indefinite) sentence was sought. Here, the second-degree felony, by itself, put appellant on notice that an indefinite sentence was sought. Therefore, since the notice requirement was satisfied, the trial court could have sentenced the appellant to an indefinite term of imprisonment for the fourth-degree felony even though a R.C. 2941.143 specification was not charged in the indictment. Instead, the trial court imposed a definite sentence.

Consequently, the appellant argues that the trial court unlawfully sentenced him, since the sentence included three years of actual incarceration. Appellant argues that R.C. 2929.71 precludes an additional firearm specification of imprisonment unless an indefinite term of imprisonment is imposed on the underlying sentence.

█ In *Tyson, supra,* paragraph two of the syllabus (criticized for other reasons in *Lytle, supra* ), the court stated:

"The assessment of a valid indefinite sentence of incarceration is a necessary predicate to the imposition of a three-year term of incarceration pursuant to R.C. 2929.71."

The relevant statutory language of R.C. 2929.71(A) states:

"The court shall impose a term of actual incarceration of three years in addition to imposing * * * an indefinite term of imprisonment pursuant to section 2929.11 * * *."

We agree that the assessment of an indefinite sentence on the underlying offense is necessary before imposing a three-year term of incarceration. We reach this determination from the plain meaning of the relevant statutory language contained in R.C. 2929.71. In the case at bar, the trial court assessed a definite sentence for the fourth-degree felony and imposed a three-year term of

actual incarceration for the firearm specification. Therefore, the trial court unlawfully sentenced the appellant.[4]

In response to appellant, the appellee argues that appellant waived any defect in the sentence given to him by entering guilty pleas. Appellee states that as part of the plea bargain, the appellant knew the exact sentence before he entered the pleas of guilty. Therefore, the appellee concludes that appellant waived his right to appeal the sentence.

■ "[I]n reviewing the record on appeal, the appellate court should inquire as to whether the defendant voluntarily and knowingly waived his constitutional rights." *State v. Kelley* (1991), 57 Ohio St.3d 127, 129, 566 N.E.2d 658, 660. "[T]his inquiry entails a review of the record to ensure that Crim.R. 11 was followed by the trial court upon defendant's * * * guilty plea." *State v. Spates* (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351, 353. Crim.R. 11(B)(1) says that "[t]he plea of guilty is a complete admission of the defendant's guilt."

In *Kelley* at 130, 566 N.E.2d at 661, the Supreme Court of Ohio held that "a plea of guilty following a trial and prior to sentencing effectively waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11 and *Boykin v. Alabama* (1969), 395 U.S. 238, 243 [89 S.Ct. 1709, 1712, 23 L.Ed.2d 274]." The Supreme Court of Ohio has also found as follows:

" '[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson* (1970), 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763].' " *Spates,* 64 Ohio St.3d at 272, 595 N.E.2d at 353, quoting *Tollett v. Henderson* (1973), 411 U.S. 258, 266–268, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243; see, also, *State v. Rogers* (Mar. 23, 1994), Adams App. No. 548, unreported, 1994 WL 106242 (citing *Kelley* and *Spates*).

■ In the case at bar, the record shows that the appellant signed a form captioned "Petition to Enter Plea of Guilty." Item eight on that form states:

---

4. If the facts supported the criteria of R.C. 2941.143, the trial court could have sentenced the appellant to an indefinite sentence for the fourth-degree felony and then properly imposed the three-year term of incarceration for the firearm specification.

"[T]he Court, Prosecution, Defense Attorney have stated that I will be sentenced to a definite term of six months on the aggravated assault, an actual incarceration of 3 years on the Firearm Specification, the sentences to be consecutive. If for some reason the sentence as stated above is *inapplicable,* not followed, I understand that I may withdraw my plea of guilty to both charges, that the court will sustain my motion to withdraw my plea and that this matter will be scheduled for trial." (Emphasis added.)

And item thirteen states:

"I have a right to appeal this conviction by filing Notice of Appeal within 30 days of the date of sentencing * * *."

The record shows that the trial court did not substantially comply with Crim.R. 11(C)(2)(a) or (b).[5] The trial court did not give the appellant correct information on what the maximum penalty was. Hence, the appellant could not understand the effect of his plea. Accordingly, we do not find that appellant voluntarily *and* knowingly waived his right to appeal a defect in his sentence.

In *State v. Brunner* (June 4, 1991), Ross App. No. 1654, unreported, 1991 WL 99669, this court considered the situation where the appellant pled guilty to an indefinite sentence for a felony of the third degree and then appealed the sentence since the trial court had failed to follow R.C. 2929.11 and 2941.143. There, we cited *State v. Coleman* (1986), 30 Ohio App.3d 256, 257–258, 30 OBR 416, 417, 507 N.E.2d 428, 430, in which the Court of Appeals for Summit County stated as follows:

"The defendant got one of the sentences provided by law for a third degree felony. By asking for the sentence, he waived the provisions of R.C. 2929.11 and 2941.143 which would have required the other type sentence. * * * He asked for something which he is in fact receiving. He has waived his right to seek something which hindsight has apparently revealed to him is more attractive than that which he originally requested. While it was within the discretion of the trial

---

5. Crim.R. 11(C)(2) provides as follows:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his right to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

See *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115.

court to accept the plea bargain, it was not within its discretion, without the approval of the parties, to accept the plea bargain with different terms than those agreed to. If the agreement was not acceptable, the option was trial."

The case *sub judice* is similar to *Brunner* and *Coleman* in that appellant is challenging a plea to which he agreed. There are, however, significant differences between this case and the *Brunner* and *Coleman* cases. Those cases involved two possible lawful sentences. The defendant agreed to one of the two possible lawful sentences. Here, appellant's sentence was contrary to law. Another significant difference between this case and the cases that found that a guilty plea waives all subsequent arguments is the existence of item thirteen in the "Petition to Enter Plea of Guilty." Item thirteen clearly states that appellant has not waived his right to appeal his conviction. His conviction occurred after he was told the exact sentence he would receive. The sentence he was told he would receive was contrary to law. While the word "sentence" is not used in item thirteen, it is used elsewhere. Item eight states that "[i]f for some reason the sentence is inapplicable, * * * this matter will be scheduled for trial." Moreover, the trial court acknowledged the possibility that appellant's sentence could be set aside on appeal.[6] Consequently, we do not find here that appellant waived his right to appeal a defect in his sentence.

In conclusion, the trial court chose a sentence that was contrary to law when it imposed a definite term of imprisonment for aggravated assault *and* a three-year term of imprisonment for the firearm specification. The court could have imposed one of the two following sentences: (1) a definite sentence for the fourth-degree felony, or (2) an indefinite sentence for the fourth-degree felony (if the facts supported a R.C. 2941.143 violation) and three years of actual incarceration for the firearm specification.

Accordingly, this court sustains appellant's assignment of error and vacates the conviction and sentence. This court reverses the judgment and remands this cause to the trial court for further proceedings consistent with these findings.

*Judgment reversed*
*and cause remanded.*

STEPHENSON, J., concurs.

HARSHA, J., dissents.

---

6. The trial court's judgment entry of conviction provides that "[i]f the sentence stated above is set aside, then the court will sustain a motion to withdraw this plea and will reschedule this matter for trial."

HARSHA, Judge, dissenting.

I respectfully dissent on the rationale set forth in *Brunner, supra, i.e.,* the appellant bargained for the sentence which he in fact is receiving.