**The STATE of Ohio, Appellee,**

**v.**

**HAWES, Appellant.**

[Cite as *State v. Hawes* (1996), 113 Ohio St.3d 777.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–96–013.

Decided Aug. 30, 1996.

*Roger D. Nagel,* for appellee.

*James E. Hensal,* for appellant.

HANDWORK, Judge.

This is an appeal from the April 23, 1996 judgment of the Fulton County Court of Common Pleas which sentenced William C. Hawes, Jr., appellant, following his conviction on one count of aggravated assault, in violation of R.C. 2903.12(A)(1). On appeal, Hawes asserts the following assignment of error:

"The trial court erred to the prejudice of appellant by sentencing appellant to an indefinite term of imprisonment where the indictment and/or amended charge did not contain a specification pursuant to Revised Code Section 2941.143."

Hawes was indicted on one count of violating R.C. 2903.11(A)(1), felonious assault, a felony of the second degree (with no additional specification). On January 9, 1996, he changed his plea to guilty to the lesser included offense of aggravated assault, in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. His indictment was amended to state the lesser included offense. The indictment was not amended to include an R.C. 2941.143 specification, nor did appellant plead guilty to such a specification. Following a sentencing hearing on April 8, 1996, and by a judgment journalized on April 23, 1996, Hawes was sentenced to incarceration for an indefinite period of two and one-half to five years. He argued at his sentencing hearing that an indefinite sentence could not be imposed pursuant to R.C. 2929.11(G).[1] Based upon *State v. Carroll* (1995), 104 Ohio App.3d 372, 662 N.E.2d 65, the court refused to modify the sentence.

---

1. R.C. 2929.11(G) provides:

"No person shall be sentenced pursuant to division (B)(6) or (7) of this section to an indefinite term of imprisonment for a felony of the third or fourth degree unless the indictment, count in the indictment, or information charging him with the offense contains a specification as set forth in section 2941.143 of the Revised Code."

Pursuant to R.C. 2929.11(D), the sentence for violation of a fourth degree felony will be a definite sentence of incarceration if two conditions are met: the defendant "did not, during the commission of that offense, cause physical harm to any person or make an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, and * * * has not previously been convicted of an offense of violence." If either one or both of these two conditions are not met, the defendant is subject to an enhanced sentence of an indefinite term of incarceration. R.C. 2929.11(B)(7). However, the indefinite sentence can only be imposed if the defendant had notice that it was being sought by inclusion in the indictment of the specification found at R.C. 2941.143. R.C. 2929.11(G) and *State v. Witwer* (1992), 64 Ohio St.3d 421, 596 N.E.2d 451, syllabus.

The Ohio Supreme Court has made one exception to this rule. This exception arises out of cases involving a trial and conviction on a lesser included offense. If the indictment charges the defendant with a greater felony and includes an R.C. 2941.141 firearm specification, but the defendant is convicted by the jury of a lesser included offense and the firearm specification, the indictment need not contain the fourth degree felony charge and the R.C. 2941.143 specification in order for the court to impose the indefinite sentence. *State v. Lytle* (1990), 49 Ohio St.3d 154, 157, 551 N.E.2d 950, 952–953. The rationale behind this exception is that the defendant was put on notice by the greater charge and the firearm specification that the prosecution would seek an indefinite sentence because of the use of a firearm to commit the crime if the defendant were convicted of a lesser included offense. Therefore, the court concluded that the defendant was able to defend against the charges.

One court has applied the *Lytle* analysis to plea bargain cases as well. See *State v. Carroll, supra,* 104 Ohio App.3d 372, 662 N.E.2d 65, and *State v. Brunner* (June 4, 1991), Ross App. No. 1654, unreported, 1991 WL 99669. Other courts still require that the indictment be amended to reflect the lesser charge and the R.C. 2941.143 specification. *State v. Meadows* (June 13, 1994), Fayette App. No. CA93–10–023, unreported, 1994 WL 250106; *State v. Morris* (May 13, 1994), Lucas App. No. L–93–180, unreported, 1994 WL 193756; *State v. Key* (Feb. 2, 1994), Hamilton App. Nos. C–930205 and C–930206, unreported, 1994 WL 25313; *State v. Collier* (Oct. 24, 1991), Cuyahoga App. No. 61318, unreported, 1991 WL 221986.

Hawes relies on this court's decision in *State v. Morris* (May 13, 1994), Lucas App. No. L–93–180, unreported, 1994 WL 193756, to support his proposition that the indictment must be amended to include the lesser offense and the R.C. 2941.143 specification. The *Morris* case and the other related cases cited immediately above, however, are not applicable to the case before us because in

this case the defendant was never indicted on any deadly weapon specification and never pled guilty to any such specification.

■ The central issue in this case is not whether the R.C. 2941.143 specification should have been added to the indictment or whether the R.C. 2941.141 deadly weapon specification could substitute for the R.C. 2941.143 specification. Rather, the issue is whether the defendant ever pled guilty to the use of a deadly weapon to cause or threaten physical harm or to a prior conviction of a violent offense. Reference to the sentence to be imposed does not substitute for a guilty plea to the specification. Furthermore, punishment cannot be a subject of plea bargaining. *State v. Mathews* (1982), 8 Ohio App.3d 145, 146, 8 OBR 202, 203–204, 456 N.E.2d 539, 540–541; and *State v. Ortiz* (Sept. 21, 1995), Cuyahoga App. No. 68454, unreported, 1995 WL 558901 (the prosecution may only recommend a certain sentence).

■ A court must impose the sentence provided by statute because it has no power to substitute a different sentence. Any attempt to impose another sentence renders the sentence void. *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 512, 471 N.E.2d 774, 774–775 (sentencing following plea); *State v. Dickens* (1987), 41 Ohio App.3d 354, 355, 535 N.E.2d 727, 727–728 (sentencing following guilty plea).

■ In the case before us, the indictment never contained a R.C. 2941.143 specification and a guilty plea was entered only to the charge of aggravated assault. Therefore, the court was bound by R.C. 2929.11(G) to impose a definite sentence of incarceration as set forth in R.C. 2929.11(D).

Wherefore, Hawes's sole assignment of error is found well taken.

Having found that the trial court's judgment is prejudicial to appellant, the judgment of the Fulton County Court of Common Pleas sentencing appellant is hereby reversed. Pursuant to R.C. 2953.07, this case is remanded to the lower court for resentencing. Appellee is hereby ordered to pay the court costs incurred on appeal pursuant to App.R. 24.

*Judgment reversed*
*and cause remanded.*

GLASSER, J., concurs.

ABOOD, J., concurs in judgment only.