JOURNAL ENTRY and OPINION
Appellant Allen King appeals the decision of the trial court convicting him of forgery and theft after his guilty plea and sentencing him accordingly. King, pro se, assigns the following five errors for our review:
 I. THE COURT FAILED TO COMPLY WITH CRIMINAL RULE 11.
 II. THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.14(E)(4) IN IMPOSING CONSECUTIVE SENTENCES FOR MULTIPLE OFFENSES.
 III. APPELLANT'S SENTENCE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT AND AN ABUSE OF DISCRETION.
IV. THE RECORD DOES NOT SUPPORT THE SENTENCE.
 V. TRIAL COUNSEL WAS INCOMPETENT FOR ALLOWING DEFENDANT TO BE SENTENCED AND CONVICTED DUE AS ASSIGNMENTS I, II, III, AND IV.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
In three separate cases, appellant Allen King was charged with a total of fifteen counts of forgery, four counts of theft, three counts of receiving stolen property and one count of uttering. On May 14, 1999, King entered into a plea agreement under which he would plead guilty to five counts of forgery and three counts of theft in case number 375272, one count of theft and two counts of forgery in case number 374411, and one count of theft and one count of forgery in case number 375134. The state agreed to nolle the other counts.
King's attorney acknowledged his understanding of the plea agreement and told the trial court that he fully discussed the plea agreement with King and that King understood his rights and the possible penalties involved. The trial court addressed King and ascertained that King understood the proceedings, that no threats had been made to induce him to plead guilty, that King was satisfied with his attorney, that he was not currently on probation or parole, and that King was not under the influence of any substance that would affect his ability to understand the court's proceedings or affect his judgment.
Thereafter, the trial court advised King of his constitutional rights including his right to a jury trial at which his guilt must be determined by a beyond a reasonable doubt standard, the right to confront and examine the witnesses against him, the right to use a subpoena to bring in witnesses to testify on his behalf, his right not to testify at trial, and that the State of Ohio could not use his silence against him.
The trial court also explained the charges King faced were fifth degree felonies punishable by up to twelve months in prison and a fine of up to $2,500. He also explained that King would be sentenced by another judge and that the sentencing judge could impose the sentences either consecutively or concurrently. He explained that, because King was pleading guilty to thirteen counts, he faced a possible penalty of thirteen years in prison and a possible fine of $32,500. The court also explained that King could be ordered to pay court costs, restitution, and, in the event that he was sentenced to probation, King could also be ordered to pay the supervisory fee associated with his probation. The court also explained that King could receive bad time if he committed criminal offenses in prison and that, upon his release from prison, King could be subject to post-release control. The court also informed King that he was eligible for community control sanctions and that he could receive probation for up to five years. The court told King that, if he violated such probation, he could receive a more restrictive sentence including a prison term.
In response to questioning by the court, King acknowledged no threats or promises had been made to him to get him to plead guilty other than those stated on the record in open court and the court could not make any promises regarding sentencing. Thereafter, King pleaded guilty as set forth in the plea agreement.
At King's sentencing hearing, the court sentenced King to six months in prison for each of the eight forgery counts and eleven months in prison for each of the five theft counts. All sentences were ordered to be served consecutively. The court also informed King that, upon his release from prison, he would also be placed on post-release control for up to three years. The court made the following statement on the record with respect to the sentence:
 You have had sticky fingers for a long time, since 1971 you have a record, many of which are forgeries, utterings, burglaries, petty larceny, robbery, grand larcenies, attempted receiving stolen property, RSP, some of which have no dispositions, and many of which do have dispositions. Certainly these cases are offensive, not only were you stealing, but you were stealing from churches. I dare say that I am probably the lesser judge you are going to have to face in these cases.
(Tr. 21.) On a form captioned Felony Sentencing Findings, the court made the following sentencing findings: Recidivism likely — prior delinquency or convictions, unsuccessful probation/parole; Factors considered before ordering prison for felony five — previous prison term served; offender is not amenable to community control; prison is consistent with sentencing purposes; community control sanctions would demean the seriousness of the offender's conduct or not adequately protect the public; Factors relevant to imposition of consecutive terms — offender's criminal history requires consecutive sentence; consecutives are necessary to fulfill purpose of R.C. 2929.11 and consecutive sentences are not disproportionate to seriousness of offender's conduct and danger to public are necessary (sic) to fulfill purpose of R.C. 2929.11. This appeal followed.
In his first assignment of error, King argues the trial court failed to comply with Crim.R. 11 in accepting his guilty pleas because King was not advised that he was entitled to the presumption of innocence. However, Crim.R. 11 does not require the court to tell an offender he is presumed innocent, only that the trial court inform the offender that, by his plea, he is waiving the right to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(c).
In this case, the trial court informed King about that:
 THE COURT: You also understand you'll be waiving your right to have the jury convict you to the standard of beyond a reasonable doubt?
DEFENDANT: Yes, sir.
 THE COURT: You also understand you're waiving your right not to testify at trial and that the State of Ohio cannot use your silence against you?
DEFENDANT: Yes, sir.
(Tr. 10.)
The trial court properly advised King of the beyond a reasonable doubt standard as required by Crim.R. 11. King's first assignment of error is overruled.
In his second assignment of error, King argues the trial court failed to comply with R.C. 2929.14(E)(4) in imposing consecutive sentences for his multiple offenses. He argues the trial court failed to make the statutorily required findings on the record during the sentencing hearing. King concedes that the trial court made the necessary findings in its document entitled Felony Sentencing Findings but argues that he had no knowledge of the findings.
R.C. 2929.14(E)(4) provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
When imposing consecutive sentences on an offender, a trial court must make a finding that gives its reasons for imposing such sentences. State v. Blair (Dec. 27, 1999), Scioto App. Nos. 98CA2588, 98CA2589, unreported; R.C. 2929.19(B)(2)(c). Using specific operative facts and findings, the record must indicate that the trial court consider the relevant statutory factors when determining the sentence. Id., citing State v. Edmonson (1999),86 Ohio St.3d 324, 328, 715 N.E.2d 131; State v. Kase (Sept. 25, 1998), Lake App. No. 97-A-0083, unreported. However, the trial court's reasoning need not appear in its journal entry, but need only appear somewhere in the record.
Before imposing the sentence in this case, the court noted King's lengthy criminal history. The court's journal entry provided that prison is consistent with the purpose of R.C.2929.11, i.e. protecting the public from future crime by the offender and others and punishing the offender. The court further-more found King had a pattern of criminal activity; prison is consistent with the sentencing purposes; and the consecutive sentence proportionate to the seriousness of the offense. The court finally found King's prior criminal history (larceny, trespass, forgery, theft, and receiving stolen property) demonstrated a necessity to protect the public from future criminal acts. Consequently, we conclude the trial court made the findings as required under R.C. 2929.14(E).
Although the trial court used a checklist to accomplish the mandates of R.C. 2929.14(E), we have held that a checklist is a sufficient and an acceptable practice so long as it achieves the mandates of the statute. See State v. Thomas (June 15, 2000), Cuyahoga App. No. 76382, unreported. See, also State v. Snedegar (July 16, 1999), Hamilton App. No. C-980078, unreported. King's second assignment of error is overruled.
In his third assignment of error, King argues his sentence constitutes cruel and unusual punishment and an abuse of discretion. Determining whether to impose consecutive sentences is within the sound discretion of the trial court. State v. Woods
(1982), 8 Ohio App.3d 56, 65, 455 N.E.2d 1289, 1300, citing Statev. Johnson (1978), 57 Ohio App.2d 263, 269, 387 N.E.2d 247, 251.
King was convicted of thirteen fifth degree felonies — eight counts of forgery and five counts of theft. Each offense was punishable by up to one year in prison. The trial court sentenced King to eleven months on each count which was within the statutory guidelines. Generally, a sentence authorized by a valid statute cannot constitute cruel and unusual punishment. State v. Jones
(Dec. 17, 1999), Hamilton App. Nos. C-981007, C-081008, unreported, citing McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 69,203 N.E.2d 334, 336. See, also, State v. Hill (1994), 70 Ohio St.3d 25, 29,635 N.E.2d 1248, 1252; State v. Smelcer (1993), 89 Ohio App.3d 115,127, 623 N.E.2d 1219, 1227, discretionary appeal not allowed (1993), 67 Ohio St.3d 1502, 622 N.E.2d 650, citing State v. Coyle
(1984), 14 Ohio App.3d 185, 186, 470 N.E.2d 457, 459. (When the sentence imposed is within the statutory limits, the court of appeals cannot hold that the trial court abused its discretion by imposing too severe a sentence.)
Furthermore, sentencing a defendant to consecutive sentences for separate statutory crimes has been held not to be cruel and unusual punishment. State v. Cochran (June 5, 1998), Clark App. No. 97-CA-50, unreported, appeal dismissed (1998), 84 Ohio St.3d 1407,701 N.E.2d 1018, citing State v. Wilkinson (1969), 17 Ohio St.2d 9,244 N.E.2d 480, at paragraph three of syllabus, certiorari denied (1969), 395 U.S. 946, 89 S.Ct. 2020, 23 L.Ed.2d 465. King's third assignment of error is overruled.
In his fourth assignment of error, King argues the record does not contain enough details to support his sentence. A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). See, also, State v. Carroll (1995), 104 Ohio App.3d 372, 378,662 N.E.2d 65, 69, State v. Pinkerton (Sept. 23, 1999), Cuyahoga App. Nos. 75906 75907, unreported, appeal dismissed (2000), 87 Ohio St.3d 1492,722 N.E.2d 525; State v. Osborne (Dec. 24, 1998), Hamilton App. No. C-970710, unreported; State v. Childs (Dec. 3, 1998), Cuyahoga App. Nos. 73539, 73540. Consequently, no factual basis for a guilty plea is required for a conviction. State v. Post
(1987), 32 Ohio St.3d 380, 387, 513 N.E.2d 754, 761. [A]n accepted guilty plea in an Ohio criminal proceeding is the equivalent of the defendant taking the witness stand and admitting under oath his guilt of the offense charged. * * * [A] guilty plea is conclusive [of guilt] in itself without any supporting evidence. State v. Knaff
(1998), 128 Ohio App.3d 90, 93, 713 N.E.2d 1112, 1114, appeal dismissed (1998), 83 Ohio St.3d 1447, 700 N.E.2d 331, citing Statev. Turpin (Dec. 31, 1986), Warren App. No. CA86-02-014, unreported. See, also, State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643, 75644, unreported, appeal dismissed (2000),89 Ohio St.3d 1425, 729 N.E.2d 1196.
In this case, because King pleaded guilty to the charges against him, no factual basis was necessary to support his conviction. King's fourth assignment of error is overruled.
In his fifth assignment of error, King argues he was denied the effective assistance of counsel because his trial counsel told him he would only receive a six month sentence. He also argues that trial counsel should not have been allowed to represent him due to a conflict of interest. King argues that, because his trial counsel was employed as an associate prosecuting attorney in Fairview Park, Ohio, he was an employee of the Cuyahoga County Prosecutor who represented the state of Ohio.
To evaluate an ineffective assistance of counsel claim, a reviewing court must determine whether the attorney's performance was deficient, if so, whether the deficient performance prejudiced the defendant. State v. Gales (1999), 131 Ohio App.3d 56, 65,721 N.E.2d 497, 503, citing Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Post
(1987), 32 Ohio St.3d 380, 388, 513 N.E.2d 754, 762-763, certiorari denied (1988), 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023. In order to demonstrate prejudice, the defendant must establish that because of trial counsel's errors, the result of the proceeding was unreliable. State v. Ford (July 10, 2000), Stark App. No. 1999CA00177, unreported, citing State v. Carter (1995), 72 Ohio St.3d 545,558, 651 N.E.2d 965. (Additional citation omitted.)
In support of his claim that he was misled about the prison term he would receive, King refers to statements allegedly made to him by his trial counsel. However, no such statements appear on the record. Where a claim of ineffective assistance of counsel is based on evidence dehors the record, it may not be considered in a direct appeal. State v. Cooperrider (1983), 4 Ohio St.3d 226, 228,448 N.E.2d 452, 454; App.R. 12(A)(1)(b). Furthermore, on the record, King told the trial court that he was very much satisfied with trial counsel's representation and that no promises had been made to him regarding sentencing other than those that were on the record.
Even if it was properly established that King's trial counsel gave him erroneous information about the sentence he might receive, such misinformation does not automatically constitute ineffective assistance of counsel. State v. Blatnik (1984), 17 Ohio App.3d 201,203, 478 N.E.2d 1016, 1019. King must demonstrate that he would not have pleaded guilty absent the misinformation. He makes no such argument here. Because King has failed to establish either element of his ineffective assistance of counsel claim, his fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES M. PORTER J., CONCUR.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE