[Cite as *State v. Lauharn*, 2011-Ohio-4292.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

STATE OF OHIO                        :
                                     :      Appellate Case No.   2010-CA-35
        Plaintiff-Appellee           :
                                     :      Trial Court Case No. 2010-CR-47
v.                                   :
                                     :
GARY D. LAUHARN                      :      (Criminal Appeal from
                                     :       Common Pleas Court)
        Defendant-Appellant          :
                                     :
                            . . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2011.

. . . . . . . . .

ROBERT E. LONG, III, Atty. Reg. #0066796, Miami County Prosecutor's Office, 201 West Main Street – Safety Building, Troy, Ohio 45373
        Attorneys for Plaintiff-Appellee

STEVEN R. LAYMAN, Atty. Reg. #0034124, Miami County Public Defender, Old Courthouse, 215 West Main Street, Troy, Ohio 45373
        Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

Gary Lauharn appeals an determinate sentence imposed by the trial court after he pled no contest to an offense that is subject to a indeterminate sentence under pre-Senate Bill 2 law. Because the determinate sentence will be treated as an indeterminate sentence under R.C. 5145.01, we will reverse and remand only for the trial court to correct its sentencing entry with

respect to Count 6 to reflect that the sentence, by operation of R.C. 5145.01, is deemed to be an indeterminate sentence.

On April 8, 2010, Gary Lauharn was indicted on 17 felony counts. In exchange for the state's dismissal of seven, Lauharn pleaded no contest to the remaining ten. Three counts charge offenses committed before July 1, 1996, and therefore are subject to pre-Senate Bill 2 law–Counts 2 and 6, each charging rape, and Count 10, charging pandering obscenity involving a minor. The no-contest plea form, signed by Lauharn, correctly indicates that these three counts are subject to indeterminate sentences. But during the plea hearing, while correctly saying that the former law applied to Counts 2 and 10, the trial court mistakenly said that Count 6 is subject to current law. And at the sentencing hearing, while correctly imposing indeterminate sentences for Counts 2 and 10, the court mistakenly imposed a determinate sentence for Count 6.

Lauharn assigns his single assignment of error to this sentence, arguing that it is unlawful.[1] Conceding that he did not object to the sentence, Lauharn asserts that it constitutes plain error under Crim.R. 52(B). The state agrees that the trial court erred in this respect but argues that the error was harmless under Crim.R. 52(A) because Lauharn suffered no prejudice.

"Definite sentences impose terms of imprisonment for an exactly stated time period in which the defendant must be incarcerated and then released. * * * Indefinite sentences state the minimum and maximum time that the defendant can be imprisoned." *State v. Carroll*

---

[1] A defendant who is convicted of a felony has the right to appeal the sentence imposed on the grounds that it is unlawful. R.C. 2953.08(A)(5).

(1995), 104 Ohio App.3d 372, 374, n.2. Indefinite, or indeterminate, sentences consist of a minimum term, selected by the trial court from a range provided by statute, and a maximum term, mandated by statute. Id. The elimination of indeterminate sentencing in favor of determinate sentencing was one of the significant revisions to Ohio's criminal code made by Senate Bill 2, which went into effect on July 1, 1996, and applies only to offenses committed on or after this date. See *State v. Rush*, 83 Ohio St.3d 53, 1998-Ohio-423, at paragraph two of the syllabus.

The rape offense charged in Count 6 is subject to the former law. Under former law, the prison sentence is a minimum term of 5-10 years and a statutorily-mandated maximum term of 25 years. See Former R.C. 2929.11(B)(1)(a). By contrast, under current law, a violation of the same division carries a definite prison sentence of 3-10 years. See R.C. 2929.14(A)(1). The trial court sentenced Lauharn to a definite 8-year term. Therefore the sentence is unlawful. See *State v. Taogaga* (Dec. 11, 2000), Cuyahoga App. No. 75055 (concluding the same on similar facts).

But we need not disturb the sentence. R.C. 5145.01 pertinently provides that "[i]f, through oversight or otherwise, a person is sentenced to a state correctional institution under a definite term for an offense for which a definite term of imprisonment is not provided by statute, the sentence shall not thereby become void, but the person shall be subject to the liabilities of such sections and receive the benefits thereof, as if the person had been sentenced in the manner required by this section." Under this statute, if a determinate sentence is imposed instead of a statutorily-required indeterminate sentence, the determinate sentence is simply treated as an indeterminate one. See *State v. Gates*, Cuyahoga App. No. 93789,

2010-Ohio-5348, at ¶8 (concluding that the definite-term sentence imposed for a pre-S.B. 2 offense was not void but simply, under R.C. 5145.01, deemed an indefinite sentence); see, also, *State v. Whitehead* (Mar. 28, 1991), Franklin App. No. 90AP-260 (After finding no error with defendant being resentenced to a corrected indeterminate sentence, from a determinate one, the court noted that "it is at least arguable that the proper [indeterminate] sentence * * * would be applied as a matter of law pursuant to R.C. 5145.01."), citing *Reed v. Maxwell* (1964), 176 Ohio St. 356, and *In re Smith* (1954), 162 Ohio St. 58.

Here, nothing in the record suggests that the determinate sentence the court imposed for Count 6 was anything other than the result of simple oversight. The sentence therefore is deemed the indeterminate sentence required by former R.C. 2929.11(B)(1)(a), with the 8-year definite term as the minimum indefinite term. See *Whitehead* (finding no error where defendant was resentenced to a corrected indeterminate sentence, from a determinate sentence, with the minimum prison term the same as the determinate sentence); *State ex rel. Glover v. Seiter* (1988), 61 Ohio App.3d 27, 31 (concluding that, despite the imposition of a definite 3-year prison sentence when former law required an indeterminate 3-15 year sentence, under R.C. 5145.01, defendant was subject to the 3-15 year sentence mandated by former law).

Lauharn correctly points out that at the plea hearing the trial court informed him of the wrong maximum penalty for Count 6. While he raises the issue, Lauharn does not assign error to or argue or even assert that his no-contest plea to this count was thereby rendered involuntary. While we may therefore disregard the issue, see App.R. 12(A)(2) and 16(A), we will nevertheless address it briefly.

For a valid no-contest plea, knowledge of the possible maximum sentence is not

constitutionally required. *State v. Stewart* (1977), 51 Ohio St.2d 86, 93. Because it is not a constitutional requirement, even though Crim.R. 11(C)(2)(a) requires a trial court, before accepting a no-contest (or guilty) plea, to ensure that the defendant understands the maximum penalty involved, the plea will not be vacated if the court substantially complies with this provision. See id. Substantial compliance here means that the defendant suffered no prejudice. See id. "[W]here the record discloses that the trial court personally addressed the defendant during his plea hearing and informed him of his constitutional rights as contained in Crim.R. 11, the omission of not informing the defendant of one of the non-constitutional rights * * * would not per se constitute prejudicial error, or plain error." *State v. Ballard* (1981), 66 Ohio St.2d 473, 475, citing *Stewart*. "[T]he test is whether the plea would otherwise have been made." *Stewart*, at 93.

Here there is no evidence in the record suggesting that, absent the court's mistake, Lauharn would not have pleaded no contest to Count 6. We note first that the no-contest plea form, signed by Lauharn, correctly states that the possible maximum for Count 6 is 5-25 years. And at the plea hearing, the trial court specifically asked Lauharn if he went over the plea form with his attorney, to which Lauharn replied that he had. The court then asked him if he understood the forms and if he signed his name to them voluntarily, and Lauharn replied that he did. Also, the court did correctly explain the possible maximum sentence for the other rape count subject to an indeterminate sentence, Count 2. Furthermore, the trial court's application of the former law would not have changed the possible aggregate maximum sentence of 92 years in prison that the court told Lauharn he potentially faced. The court included in this aggregate only a 10-year term for Count 2–the longest *minimum* term. The court did not

include the additional 15 years that would potentially increase the sentence to the statutory maximum 25-year term. Ten years is the maximum term included in the aggregate for Count 6, as a first-degree felony. Finally, the aggregate sentence that the trial court actually imposed was significantly less than the maximum possible.

Lauharn does not claim that he was prejudiced by the trial court's mistake, and nothing in the record suggests that he was. This conclusion is further supported by the sheer number of felonies charged and therefore the possible number of years he faced in prison, even under the plea agreement. We do not think that knowing he faced the possibility of 117 years instead of 92 years would have had altered Lauharn's decision.[2]

The sole assignment of error is sustained.

The judgment of the trial court is reversed and remanded only for the trial court to correct its sentencing entry with respect to Count 6 to reflect that the sentence, by operation of R.C. 5145.01, is deemed to be an indeterminate sentence with an 8-year definite term as the minimum and 25 years the maximum.

. . . . . . . . . . . . .

FROELICH and CELEBREZZE, JJ., concur.

(Hon. Frank D. Celebrezze, Jr. Eighth   District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

---

[2] Actually, the 15-year difference is even less significant than this. The trial court's possible aggregate maximum of 92 years is incorrect. The four first-degree rape charges subject to current law each carry a maximum 10-year term, for a total of 40 years. The three second-degree pandering charges subject to current law each carry a maximum 8-year term, for a total of 24 years. The second-degree pandering charge subject to the former law carries a statutory maximum of 15 years. And the two aggravated first-degree rape charges subject to the former law each carry a statutory maximum of 25 years, or 50 years total. Therefore Lauharn actually faced an aggregate maximum of 129 years in prison.

Copies mailed to:

Robert E. Long, III
Steven R. Layman
Hon. Robert J. Lindeman